CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

4/23/2024

LAURA A. AUSTIN, CLERK
BY   s/ S. MELVIN
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
------------------------------------------------------------------ x
JIANXIN LI,
*on behalf of himself and others similarly situated,*
                                                     Plaintiff,

                    v.

CHUNG LLC
         d/b/a Chung's Barber Shop and
STANLEY CHUNG,
                                                     Defendants.
------------------------------------------------------------------ x

Case No. 24-cv- 00025

**COLLECTIVE & CLASS
ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff FENG JIANXIN LI (hereinafter referred to as "Li" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Troy Law, PLLC, hereby brings this complaint against Defendants CHUNG LLC d/b/a Chung's Barber Shop (hereinafter referred to as "Chung's Barber Shop" or "LLC Defendant") and STANLEY CHUNG (hereinafter referred to as "Chung" or "Individual Defendant") (Individual Defendant hereinafter collectively with LLC Defendant referred to as "Defendants"), and alleges as follows:

**INTRODUCTION**

1.       Plaintiff brings this action on behalf of himself and other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, Virginia Minimum Wage Act ("VAMWA"), Va. C. §§ 40.1-28.10(D), and Virginia Wage Theft Prevention Law ("VAWTPL"), Va. C. §§ 40.1-29.3(B), (C), respectively arising from Defendants' various willful and unlawful employment policies, patterns and practices.

2.       Plaintiff brings this action on behalf of himself, and all similarly situated current and former non-exempt employees who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b), and all similarly situated current and former non-exempt employees as to whom Plaintiff can satisfy the provisions of Rule 23 of the Federal Rules of Civil Procedure, to remedy

violations of the provisions of the FLSA, VAMWA, and VAWTPL that occurred at Defendants' business.

3. Plaintiff alleges pursuant to the FLSA that he is entitled to recover from Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) post-judgment interest, and (4) reasonable attorneys' fees and costs.

4. Plaintiff alleges pursuant to the VAMWA that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) pre-judgment and post-judgment interest, and (3) reasonable attorneys' fees and costs.

5. Plaintiff alleges pursuant to the VAWTPL that he is entitled to recover from Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) pre-judgment and post-judgment interest, and (4) reasonable attorneys' fees and costs.

**JURISDICTION & VENUE**

6. This Court has subject-matter jurisdiction over this controversy under the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's VAWMA and VAWTPL claims under 28 U.S.C. § 1367(a).

8. Venue is proper in the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. §§ 1391(b), (c), because Defendants conduct business in the Commonwealth of Virginia, and the acts and omissions giving rise to the claims alleged herein took place within the Western District of Virginia.

**PLAINTIFF**

9. Li was employed by Defendants from on or about September 11, 2017, when LLC Defendant was formed, through on or about July 31, 2023 to work as a barber for Chung's Barber Shop at 626 Albemarle Square, Charlottesville, VA 22901.

## DEFENDANTS

*LLC Defendant*

10. Chung's Barber Shop was, throughout the period relevant to this lawsuit, and remains, a domestic limited liability company with a registered address at 2668 Kendalwood Lane, Charlottesville, VA 22911.

11. At all times relevant to this lawsuit, Chung's Barber Shop operated two barber shops: at 626 Albemarle Square, Charlottesville, VA 22901; and at 8800 Landmark Road, Henrico, VA 23228.

12. 626 Albemarle Square, Charlottesville, VA 22901 is also Chung's Barber Shop's registered principal office.

13. At all times relevant to this action, Chung's Barber Shop owned the real property at 8800 Landmark Road, Henrico, VA 23228.

14. Chung's Barber Shop was, throughout the period relevant to this lawsuit, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. Chung's Barber Shop was, throughout the period relevant to this lawsuit, an enterprise with a gross annual revenue in excess of five hundred thousand dollars ($500,000.00) per year. Upon information and belief, Chung's Barber Shop's location at 626 Albemarle Square, Charlottesville, VA 22901 generated, on its own, approximately two thousand ($2,000.00) in gross revenue per day, and was open seven (7) days each week.

16. Throughout the period relevant to this lawsuit, employees of Chung's Barber Shop, including Plaintiff, handled, sold, or otherwise worked with goods or materials that had been moved in or produced for commerce, including but not limited to hairdressing and cleaning supplies.

17. Throughout the period relevant to this lawsuit, Chung's Barber Shop's location at

626 Albemarle Square, Charlottesville, VA 22901 was open to the public: from about 07:30 hours through about 19:00 hours on Mondays through Fridays; from about 07:30 hours through about 18:00 hours on Saturdays; and from about 09:00 hours through about 17:00 hours on Sundays.

18. Throughout the period relevant to this lawsuit, Chung's Barber Shop's location at 8800 Landmark Road, Henrico, VA 23228 was open to the public: from about 08:00 hours through about 19:00 hours on Mondays through Fridays; from about 08:00 hours through about 18:00 hours on Saturdays; and from about 08:00 hours through about 17:00 hours on Sundays.

***Individual Defendant***

19. Throughout the period relevant to this lawsuit, Chung was, and remains, a member, a manager, and the registered agent of the LLC Defendant.

20. Throughout the period relevant to this lawsuit, Chung had the power to hire and fire employees of Chung's Barber Shop.

21. Chung hired the Plaintiff, as well as other employees of Chung's Barber Shop.

22. Throughout the period relevant to this lawsuit, Chung supervised and controlled the work schedules and conditions of employment of employees of Chung's Barber Shop.

23. Chung set Plaintiff's work schedule, as well as those of other employees.

24. Chung was regularly present on the premises of Chung's Barber Shop to directly supervise Plaintiff and other employees.

25. Chung housed employees of Chung's Barber Shop, including Plaintiff, in an employee dormitory.

26. Throughout the period relevant to this lawsuit, Chung determined the pay rates of employees of Chung's Barber Shop.

27. Chung determined the pay rates of Plaintiff and other employees.

28. From time to time, Chung paid Plaintiff and other employees their wages.

29. Throughout the period relevant to this lawsuit, Chung was responsible for keeping and maintaining records of employees of Chung's Barber Shop.

30. Chung acted willfully, intentionally, and maliciously and is an employer within the meanings of the FLSA, VAMWA, and VAWTPL, and is jointly and severally liable with LLC Defendant.

## STATEMENT OF FACTS

31. Plaintiff has fulfilled all conditions precedent, or such conditions have been waived.

32. Li was employed by Defendants from on or about September 11, 2017, when LLC Defendant was formed, through on or about July 31, 2023 to work as a barber for Chung's Barber Shop at 626 Albemarle Square, Charlottesville, VA 22901.

33. Throughout his employment, except the period from on about March 30, 2020 through on about May 15, 2020 (*i.e.*, the period from Governor Northam's stay-at-home order in response to the COVID-19 pandemic through the beginning of Phase One reopening)—thus throughout the period relevant to this lawsuit—Li worked about seventy-six (76) hours per week: from about 07:30 hours through about 19:00 hours Mondays through Fridays; from about 07:30 hours through about 18:00 hours on Saturdays; and from about 09:00 hours through about 17:00 hours on Sundays.

34. Li was on call to serve customers throughout his working day, and did not receive any *bona fide* breaks during which he was wholly relieved from work.

35. For about the first year of his employment, Li was paid one hundred dollars ($100.00) per day for a base wage.

36. However, thereafter, and throughout the period relevant to this lawsuit, Li was paid zero dollars ($0.00) per day for a base wage.

37. Throughout the period relevant to this lawsuit, Li earned a sixty-percent (60%)

commission on services rendered, amounting to between about one hundred dollars ($100.00) and one hundred twenty dollars ($120.00) per day; on average about one hundred ten dollars ($110.00) per day.

38. Throughout the period relevant to this lawsuit, Li was furnished with lodging by Defendants, the value of which amounted to three hundred fifty dollars ($350.00) per month.

39. At no time did Defendants, or anyone else, give Li notice that the value of lodging him would be taken as a credit or allowance against his wage.

40. Accordingly, throughout the period relevant to this lawsuit, Li's weekly compensation amounted to eight hundred fifty dollars and seventy-seven cents ($850.77) ($110.00 per day * 7 days per week + $350 per month * 12 months per year / 52 weeks per year).

41. Throughout the period relevant to this lawsuit, Li's weekly compensation of eight hundred fifty dollars and seventy-seven cents ($850.77) amounted to a regular hourly wage of eleven dollars and nineteen cents ($11.19) ($850.77 per week / 76 hours per week).

42. Li's compensation did not include an overtime premium of one-half times (0.5x) his regular hourly pay rate for hours worked in excess of forty (40) hours each week.

43. Li was paid his daily base wage and commission by cash, off the books and without a wage statement or paystub.

44. Defendants committed the foregoing acts knowingly, willfully and maliciously, against Han, the collective and the class.

### **COLLECTIVE ALLEGATIONS**

45. Plaintiff brings his FLSA claims individually and on behalf of other current and former non-exempt workers employed by Defendants on or after the date that is three (3) years before the filing of this Complaint, through the entry of judgement in this case, who were paid salaries which did not include overtime premiums of one-half times (0.5x) their regular hourly pay

rates for hours worked in excess of forty (40) hours each week (the "Collective").

## CLASS ALLEGATIONS

46. Plaintiff brings his VAMWA and VAWTPL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all current and former non-exempt workers employed by Defendants on or after the date that is three (3) years before the filing of this Complaint, through the entry of judgement in this case, who were paid salaries which did not include overtime premiums of one-half times (0.5x) their regular hourly pay rates for hours worked in excess of forty (40) hours each week (the "Class").

47. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

48. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

49. At any one time, about sixteen (16) employees worked for Chung's Barber Shop at any one time: about ten (10) employees at 626 Albemarle Square, Charlottesville, VA 22901; and about six (6) employees at 8800 Landmark Road, Henrico, VA 23228.

*Commonality*

50. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class members within the meaning of the VAMWA and/or VAWTPL;

    b. Whether Plaintiff and the Class members were paid minimum wage under the VAMWA;

    c. Whether Plaintiff and the Class members are entitled to and paid overtime at one and one-half times their regular hourly wages under the VAWTPL;

    d. At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class members for their work.

*Typicality*

51. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same business practices of Defendants, as alleged herein, of failing to pay overtime premiums. Defendants' enterprise-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

52. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage-and-hour employment litigation

cases.

*Superiority*

53.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against employer defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

54.     Upon information and belief, Defendants and other employers throughout the Commonwealth violate the VAMWA and/or the VAWPTL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of

bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### VIOLATION OF 29 U.S.C. § 207(A)(1)—FAILURE TO PAY OVERTIME
### BROUGHT ON BEHALF OF PLAINTIFF AND THE COLLECTIVE

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

57. Throughout his employment, Plaintiff's compensation did not include a premium of one-half times (0.5x) his equivalent regular hourly wage, in addition to his regular hourly wage, for hours worked beyond the fortieth (40th) hour in a week.

58. Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

defendant, and the costs of the action."

59.     Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Plaintiff overtime.

## COUNT II.
## VIOLATION OF VA. C. § 40.1-28.10(D)—FAILURE TO MINIMUM WAGE BROUGHT ON BEHALF OF PLAINTIFF AND THE CLASS

60.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61.     Section 40.1-28.19(D) of the VAMWA provides that "[f]rom January 1, 2023, until January 1, 2025, every employer shall pay to each of its employees wages at a rate not less than the greater of (i) $12.00 per hour or (ii) the federal minimum wage."

62.     From January 1, 2023 through on or about July 31, 2023, Plaintiff's equivalent regular hourly wage of eleven dollars and nineteen cents ($11.19) was less than the twelve dollars ($12.00) per hour minimum wage provided by Section 40.1-28.19(D) of the VAMWA.

63.     Section 40.1-28.12 of the VAMWA provides that "[a]ny employer who violates the minimum wage requirements of this law shall be liable to the employee or employees affected in the amount of the unpaid minimum wages, plus interest at eight per centum per annum upon such unpaid wages as may be due the plaintiff, said interest to be awarded from the date or dates said wages were due the employee or employees. The court may, in addition to any judgment awarded to the employee or employees, require defendant to pay reasonable attorney's fees incurred by the employee or employees."

64.     Defendants knowingly, willfully and maliciously disregarded the provisions of the VAMWA by failing to pay Plaintiff minimum wage.

## COUNT III.
## VIOLATION OF VA. C. § 40.1-29.3(B)—FAILURE TO PAY OVERTIME
## BROUGHT ON BEHALF OF PLAINTIFF AND THE CLASS

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Section 40.1-29.3(B) of the VAWTPL provides that "[a]n employer shall pay each employee an overtime premium at a rate not less than one and one-half times the employee's regular rate for any hours worked by an employee in excess of 40 hours in any one workweek. An employee's regular rate shall be calculated as the employee's hourly rate of pay plus any other non-overtime wages paid or allocated for that workweek, excluding any amounts that would be excluded from the regular rate by the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and its implementing regulations for an individual covered by such federal act, divided by the total number of hours worked in that workweek."

67. Throughout his employment, Plaintiff's compensation did not include a premium of one-half times (0.5x) his equivalent regular hourly wage, in addition to his regular hourly wage, for hours worked beyond the fortieth (40th) hour in a week.

68. Section 40.1-29.3(B) of the VAWTPL provides that "[i]f an employer fails to pay overtime wages to an employee in accordance with this section, the employee may bring an action against the employer in a court of competent jurisdiction to recover payment of the overtime wages, and the court shall award the overtime wages owed, an additional equal amount as liquidated damages, and reasonable attorney fees and costs; however, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of this section, the court may, in its discretion, award no liquidated damages or award any amount thereof

not to exceed the amount of the unpaid overtime wages."

69.  Defendants knowingly, willfully and maliciously disregarded the provisions of the VAWTPL by failing to pay Plaintiff overtime.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the Collective and Class, respectfully requests that this Court enter a judgment providing the following relief:

A.  At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to the Collective. Such notice shall inform the Collective that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied overtime pay;

B.  A declaratory judgment that the practices complained of herein are unlawful under FLSA, VAMWA, and VAWTPL;

C.  An injunction against LLC Defendant, its owners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, including but not limited to the Individual Defendant, from engaging in each of the unlawful practices and policies set forth herein;

D.  An award of unpaid overtime, and liquidated damages equal to the unpaid overtime, due to Plaintiff and any opt-ins under the FLSA;

E.  An award of unpaid minimum wages due to Plaintiff and the Class under VAMWA;

F.  An award of unpaid overtime, and liquidated damages equal to the unpaid overtime, due to Plaintiff and the Class under VAWTPL;

G.  An award of pre-judgment and post-judgment interest on unpaid minimum wages under the VAMWA at a rate of eight percent (8%) *per annum*;

H.      An award of pre-judgment and post-judgment interest on unpaid overtime under the VAWTPL at the six percent (6%) *per annum* rate set forth by Va. C. § 6.2-302(A);

I.      An award of reasonable attorneys' fees and costs; and

J.      Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rules 38(b) and (c) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact.

Dated:  April 23, 2024
        Flushing, New York

                                                                          TROY LAW, PLLC
*Attorneys for Plaintiff and propoesd Collective and Class*

                                                                          */s/ Aaron B. Schweitzer*
Aaron B. Schweitzer, Esq.
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com