CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
March 25, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Jianxin Li, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:24-cv-00025 |
| ) | |
| Chung LLC ) | |
| ) | |
| and ) | |
| ) | |
| Stanley Chung, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on Defendants Chung LLC and Stanley Chung's motion for summary judgment (Dkt. 14). Plaintiff Jianxin Li brought this action against Defendants alleging violations of the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Virginia Minimum Wage Act ("VMWA"), Va. Code Ann. § 40.1-28.8 *et seq.*, and the 2020 amendments to the Virginia Wage Payment Act ("VWPA"),[1] Va. Code Ann. § 40.1-29 *et seq.* (Compl. at 1 (Dkt. 1).) Li filed the action as both an FLSA collective action under 29 U.S.C. § 216(b) and a class action under Federal Rule of Civil Procedure 23. (*Id.* at

---

[1] Li's citation to the "Virginia Wage Theft Prevention Law" appears to refer to the 2020 amendments to the Virginia Wage Payment Act.

1–2; *see id.* at 10–13.) Defendants seek summary judgment on the grounds that the court lacks subject matter jurisdiction. For the reasons stated below, the court will deny the motion.

## I. Background

### A. Factual History

Very few facts have been included in the record for the resolution of this motion. As such, only a few facts appear undisputed by the parties for the purpose of resolving the summary judgment motion before the court. Stanley Chung is the sole proprietor of Chung LLC, which does business under the name "Chung's Barber Shop" at two locations in Charlottesville and Richmond. (Defs.' Mem. in Supp. of Mot. for Summ. J. at 1 (Dkt. 15) [hereinafter "Defs.' Mem."]; Pl.'s Resp. Br. in Opp'n to Defs.' Mot. for Summ. J. at 2 (Dkt. 17) [hereinafter "Pl.'s Resp."].) The conduct at issue in this case arises from Li's employment as a barber at the Chung's Barber Shop Charlottesville location. (Defs.' Mem. at 1; Pl.'s Resp. at 2.) Li worked for Chung's Barber Shop from approximately May 2017 through July 2023, with the exception of a couple of months in the spring of 2020. (Jianxin Li Aff. in Opp'n to Defs.' Mot. for Summ. J. ¶ 4 (Dkt. 17-1) [hereinafter "Li Aff."].)[2] The parties dispute whether Li was employed as an independent contractor or an employee. (*See* Pl.'s Resp. at 3–4 n.1; Answer ¶ 16.)

---

[2] Chung LLC was formed in September 2017, and Li testifies that he worked for the business (and Stanley Chung) from that date forward. (Li Aff. ¶ 5; Answer ¶ 32 (Dkt. 13).)

They also dispute Chung's Barber Shop's annual gross volume of sales. Defendants argue that Chung's Barber Shop has at no relevant time had an annual gross volume of sales equal to or greater than $500,000. (Defs.' Mem. at 3–4.) In support of their argument, Defendants submit Chung's individual Form 1040 tax documents from 2017 to 2023, which reflect that Chung's Barber Shop reported between $97,383 and $306,200 in annual gross volume of sales during that time period. (Dkt. 15-1 at 3, 6, 10, 14, 18, 22, 26 [hereinafter "Chung's Form 1040s"].) Defendants also provide an affidavit signed by Chung in which he attests that neither Chung's Barber Shop nor Chung LLC (doing business as Chung's Barber Shop) individually or together produced an annual gross volume of sales equal to or greater than $500,000 between 2017 and the present day. (Aff. of Def. Stanley Chung at 1 (Dkt. 15-2) [hereinafter "Chung Aff."].) Although only the 2019 Form 1040 was signed—and only by the tax preparer, not Chung—Chung additionally attests that the tax returns attached to his motion for summary judgment "are genuine copies." (*Id.* at 2; *see* Chung's Form 1040s at 9.)

Li, however, contends that the Charlottesville location of Chung's Barber Shop brought in approximately $655,200 in gross annual revenue. (Pl.'s Resp. at 2; Li Aff. ¶¶ 6–25.) Li draws this conclusion from several personal observations outlined in his affidavit. First, Li observed that his customers paid on average approximately $200 in cash per day at Chung's Barber Shop's Charlottesville location. (Li Aff. ¶¶ 6–7.) Li also noted that the Charlottesville location employed approximately ten people, and that nine of them would usually be working at any given time. (*Id.* ¶ 8.) Li "observed that on average, the other barbers at Chung's Barber Shop's Charlottesville location served about as many customers, and performed services about

- 3 -

as expensive, as [Li] did," so that their daily gross revenue was also approximately $200. (*Id.* ¶ 9.) Li supports this conclusion with a scan of a receipt roll capturing his sales and the sales of the two other barbers in his "division" between May 25 and June 16, 2021. (*Id.* ¶ 10–19; *see* Dkt. 18-1 [hereinafter "Scanned Receipt"].) During that period, Li's customers paid an average of $248.40 per day, while the customers of his two division co-workers paid an average of $245.58 and $311.79 per day. (Li Aff. ¶ 18.) Li observed that the barbers in the other two divisions at Charlottesville "took in about as much revenue per day for Chung's Barber Shop as [his] division did." (*Id.* ¶ 20.) Li "conservatively estimate[s] that Chung's Barber Shop's Charlottesville location took in about $1,800.00 . . . in gross revenue per day," (*id.* ¶ 22); because Chung's Barber Shop was open seven days per week, for fifty-two weeks each year, Li estimates the gross annual Charlottesville revenue to be $655,200, (*id.* ¶¶ 23–25).

Li also alleges that he became acquainted with two barbers who transferred to the Richmond Chung's Barber Shop location in July 2022. (*Id.* ¶ 26.) These barbers informed Li that they each provided services totaling approximately $200 per day at the Richmond location. (*Id.* ¶ 27.) Based on conversations with these two barbers and visiting the Richmond location himself, Li knew that the Richmond location employed approximately seven people, of whom about six would be working on any given day. (*Id.* ¶ 28.) From this, Li estimates that the Richmond location of Chung's Barber Shop took in approximately $1,200 in gross revenue per day. (*Id.* ¶ 29.) Because the Richmond location was also open seven days per week, fifty-two weeks per year, Li estimates that the Richmond location produced $436,800 in annual

gross sales volume. (*Id.* ¶¶ 30–31.) Across both locations, Li estimates that Chung's Barber Shop thus had an annual gross sales volume of $1,092,000. (*Id.* ¶ 32.)

Finally, Li asserts that his compensation during the relevant time period amounted to approximately $770 per week, which equates to $40,040 per year—an amount that is not represented on the Form 1099s issued to Li by Chung's Barber Shop. (Pl.'s Resp. at 3; *see* Dkt. 17-4 [hereinafter "Li's Form 1099s"].) Li observed that Chung's Barber Shop employed seventeen barbers, each of whom were paid approximately the same amount as him, meaning that Chung's Barber Shop's payroll should have totaled approximately $680,680 per year. (Pl.'s Resp. at 3.)

### B. Procedural History

Li filed his complaint against Defendants Chung and Chung LLC on April 23, 2024, alleging violations of §§ 206 and 207 of the FLSA, § 40.1-28.10(D) of the VMWA, and §§ 40.1-29.3(B) and (C) of the VWPA. (Compl. at 1; *see id.* at 10–13.) Following an extension of time, Defendants filed an answer to the complaint on July 17. (Dkt. 13.) The same day, Defendants filed a motion for summary judgment. (Dkt. 14.) To their memorandum in support of the motion, Defendants attached two exhibits: Chung's individual Form 1040 tax documents from 2017 to 2023, (Chung's Form 1040s), and an affidavit by Chung attesting that Chung LLC and Chung's Barber Shop have neither individually nor together produced a gross annual income of $500,000 or more from 2017 to the present day, (Chung Aff.).

On July 30, Li filed a response to the motion. (Pl.'s Resp.) Li attached to this motion his own affidavit, (Li Aff.), a declaration from his attorney, (Decl. in Opp'n to Defs.' Mot. for

- 5 -

Summ. J. (Dkt. 17-2) [hereinafter "Schweitzer Decl."]), photographs of Chung's Barber Shop's business cards, (Dkt. 17-3), Li's 2018 and 2019 Form 1099-MISCs and his 2021, 2022, and 2023 Form 1099-NECs (Li's Form 1099s), Li's 2020 Form 1040, (Dkt. 17-5), and a photograph of a receipt roll. (Dkt. 17-6). On August 6, Li filed an additional declaration from his attorney, who had scanned the receipt originally attached to Li's response brief. (Dkt. 18.) The scanned receipt was attached to this supplemental declaration. (*See* Scanned Receipt.)

Defendants did not file a reply brief. On August 27, U.S. District Judge Robert S. Ballou issued an oral order taking the motion for summary judgment under advisement and granting Li 90 days "to complete the discovery necessary to respond to" the motion. (Dkt. 27.) The oral order also gave Li 120 days to file a response. (*Id.*) While resolving a motion to quash certain discovery, (*see* Dkts. 30, 31, 34, 36, 39, 40), Magistrate Judge Joel C. Hoppe extended those deadlines to 120 days to complete discovery and 150 days to file a response, from the date of Judge Ballou's original order. (Dkt. 42.)

Both deadlines have now passed, and the parties have not filed any additional briefing on the motion for summary judgment. Additionally, Li has not filed a motion to certify a class under the FLSA or Rule 23 and no individuals have opted in to this lawsuit yet. Thus, for the purposes of resolving this motion, the court construes Li's claims to be individual and raised on his behalf only.

## II.   Standard of Review

Under Federal Rule of Civil Procedure 56(a), the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). When considering a motion for summary judgment, the court considers "the pleadings, depositions, answers to interrogatories, and admissions on file, together with [any] affidavits" filed by the parties, *Celotex*, 477 U.S. at 322, but it "cannot weigh the evidence or make credibility determinations," *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 959 (4th Cir. 2022) (quoting *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 569 (4th Cir. 2015)).

### III.    Analysis

The FLSA requires the payment of overtime compensation amounting to one-and-one-half times an employee's[3] regular hourly rate where that employee "is employed in an enterprise engaged in commerce or in the production of goods for commerce" and works more than forty hours in any workweek. 29 U.S.C. § 207(a)(1); *see U.S. Dep't of Labor v. Fire & Safety Investigation Consulting Servs., LLC*, 915 F.3d 277, 280 (4th Cir. 2019). An "enterprise engaged in commerce or in the production of goods for commerce" is one that both "has employees engaged in commerce or in the production of goods for commerce, or that has

---

[3] Though the parties dispute whether Li was an independent contractor or an employee, Defendants do not move for summary judgment on the basis of this distinction. Accordingly, the court will assume without deciding for the purposes of this motion that Li is an "employee" as defined by the FLSA.

- 7 -

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Whether an individual may bring a claim under the FLSA's enterprise coverage is not, as Defendants argue, a jurisdictional question; rather, it "constitutes an element of an FLSA claim." *Velasquez v. Salsas & Beer Rest., Inc.*, 735 F. App'x 807, 808–09 (4th Cir. 2018); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006); (Defs.' Mem. at 4). Because Li "will bear the burden of proof on this element at trial," Li must therefore "make a showing sufficient to establish the existence of FLSA coverage to survive Defendants' motion for summary judgment" under the normal summary judgment standard of review. *Ramirez v. Amazing Home Contractors, Inc.*, 114 F. Supp. 3d 306, 309 (D. Md. 2015).

Though a defendant may produce tax returns to argue that FLSA enterprise coverage does not apply, "[t]ax forms . . . are not presumptively reliable or authentic, and may be shown to be incredible or unreliable by a plaintiff." *Li v. VJ & H, LTD*, No. 23-1633, 2024 WL 449320, at *3 (D. Md. Feb. 6, 2024) (internal quotation marks omitted); *see Rains v. E. Coast Towing & Storage, LLC*, 820 F. Supp. 2d 743, 749–50 (E.D. Va. 2011) (finding a genuine issue of material fact even where defendants submitted tax returns and supporting affidavit). To survive summary judgment, a plaintiff cannot rely on "conclusory assertions" but must submit "evidence demonstrating that the defendant has underreported its income." *Bellows v. Darby Landscaping*, No. 15-885, 2016 WL 264914, at *5 (D. Md. Jan. 21, 2016) (emphasis and footnotes omitted). District courts in this circuit have found "plainly insufficient" claims

based only upon a defendant's uncertainty about his company's gross annual revenue during deposition testimony, *Ramirez*, 114 F. Supp. 3d at 310, a plaintiff's "speculation" about the same, *Bellows*, 2016 WL 264914, at *5, and a plaintiff's affidavit containing allegations only partially supported by the record and conclusions that the court deemed "speculative, at best," *Dixon v. Open Hands Nurseing Agency, LLC*, No. 4:17-CV-02132, 2018 WL 5995127, at *5 (D.S.C. Nov. 14, 2018).

Defendants Chung and Chung LLC move for summary judgment on the basis that Chung's Barber Shop is not an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA. (Defs.' Mem. at 2–4.) Because Defendants admit that the barbers employed at Chung's Barber Shop "handled, sold, or otherwise worked with goods or materials that had been moved in or produced for commerce," at issue is only whether the enterprise had an annual gross volume of sales equal to or greater than $500,000. (*Id.* at 3.) In support of their argument, Defendants submit Chung's personal tax returns and an affidavit stating that Chung's businesses have never made in excess of $500,000 in any relevant year. (*See* Chung's Form 1040s; Chung Aff.)

Li, however, rebuts this evidence with an affidavit stating that, based on personal knowledge, Chung's Barber Shop made more than $500,000 in annual gross sales volume. (Li Aff. ¶¶ 5–32.) Li also submits a scanned copy of the shop's receipt roll that supports his claims. (*See* Scanned Receipt; Li Aff. ¶ 16.)

The court finds that Li has submitted sufficient evidence on Chung's Barber Shop's annual gross volume of sales as to raise a genuine issue of material fact. Li's affidavit is based

- 9 -

on personal knowledge and contains specific allegations supporting his claim. *Compare Rains*, 820 F. Supp. 2d at 750 (denying summary judgment where plaintiff submitted affidavit, along with affidavits of two former employees, giving the average cost and number of services performed per day at a small company), *with Dixon*, 2018 WL 5995127, at *5 (finding no genuine issue where plaintiff's affidavit gave only the total number of employees, plaintiff's own salary, and the number of "client accounts," requiring the court "to assume that all employees performed a substantially similar job as Plaintiff, worked roughly the same hours, and were paid the same amount"). Li's claim is further supported by the May 25 to June 16, 2021 receipt roll for Li's division, which corroborates the average sales volume Li alleges. *See Diaz v. Banh Cuon Saigon Rest., Inc.*, No. 1:16-cv-00295, 2016 WL 9223925, at *3 (E.D. Va. Nov. 22, 2016) (relying on plaintiff's estimate of annual gross sales volume where it was based on eight years of employment *and* the prices listed in the restaurant's menu). The evidence Li presents amounts to "more than his belief" that Chung's Barber Shop made more than $500,000 in annual revenue—he offers a detailed accounting for that supposition and provides evidence supporting it. *Bellows*, 2016 WL 264914, at *5 (cleaned up). At this stage, the court views this evidence in the light most favorable to Li and concludes that his showing is enough to survive the motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, the court will deny Defendants' motion for summary judgment (Dkt. 14).[4]

An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 25th day of March, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

[4] Li has not filed a motion to certify a class under Federal Rule of Civil Procedure 23 or the FLSA. Should Li wish to seek a collective designation under the FLSA and/or class certification under Rule 23, he must file a motion to do so within two weeks of the date of the accompanying Order.