CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 05, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Jianxin Li, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 3:24-cv-00025 |
| Chung LLC | ) |
| | ) |
|         and | ) |
| | ) |
| Stanley Chung, | ) |
| | ) |
|         Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff Jianxin Li's motion for conditional collective certification under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Dkt. 48.) Plaintiff Jianxin Li brought this action against Defendants Chung LLC and Stanley Chung alleging violations of the provisions of the FLSA, the Virginia Minimum Wage Act, Va. Code Ann. § 40.1-28.8 *et seq.*, and the 2020 amendments to the Virginia Wage Payment Act,[1] Va. Code Ann. § 40.1-29 *et seq.* (Compl. ¶ 1 (Dkt. 1).) Li filed the action as both an FLSA collective action under 29 U.S.C. § 216(b) and a class action under Federal Rule of Civil Procedure 23.

---

[1] Li's citation to the "Virginia Wage Theft Prevention Law" appears to refer to the 2020 amendments to the Virginia Wage Payment Act.

(*Id.* ¶ 2; *see id.* ¶¶ 45–54.) Li now seeks conditional certification of the FLSA collective action. (*See* Dkt. 48.) The motion is fully briefed and ripe for review. For the reasons stated below, the court will grant Li's motion for conditional collective certification. Li's additional requests regarding the proposed notice are granted in part and denied in part.

## I.   Background

### A. Factual History

Li's claims arise from his employment with Defendant Chung LLC, which does business under the name Chung's Barber Shop and which is owned by Defendant Stanley Chung. (*See* Dkt. 48-8 ¶ 3; Compl. ¶ 9.) Li was employed at Chung's Barber Shop's Charlottesville location from May 2017 through July 2023 and claims that, throughout that time, he was deprived of overtime payments required by both the FLSA (Dkt. 49 at 1–2; Compl. ¶¶ 55–59) and Virginia state law (Compl. ¶¶ 65–69). He also claims that he was not paid Virginia's statutory minimum wage during this time. (*Id.* ¶¶ 60–64.)

Li has identified thirteen other employees across the Charlottesville and Henrico locations that he believes were similarly situated and suffered the same deprivation of overtime payments under the FLSA. (Dkt. 49 at 3–4, 8–10.)

### B. Procedural History

Li filed his complaint against Defendants Chung and Chung LLC on April 23, 2024. (Compl.) The complaint set forth three counts. Count I alleged a failure to pay overtime as prescribed by the FLSA, for which Li indicated he intended to pursue an FLSA collective action. (Compl. ¶¶ 55–59.) Count II alleged a failure to pay minimum wage in violation of

Va. Code Ann. § 40.1-28.10(D), (*id.* ¶¶ 60–64), while Count III alleged a failure to pay overtime wages as required by Va. Code Ann. § 40.1-29.3(B), (*id.* ¶¶ 65–69). Li declared his intent to pursue Rule 23 class certification for the latter two claims. (*See id.* ¶¶ 46–54.)

Following an extension of time, Defendants filed an answer to the complaint on July 17, 2024. (Dkt. 13.) The same day, Defendants filed a motion for summary judgment. (Dkt. 14.) On July 30, 2024, Li filed a response to the motion. (Dkt. 17.) Defendants did not file a reply brief.

On August 27, 2024, U.S. District Judge Robert S. Ballou issued an oral order taking the motion for summary judgment under advisement and granting Li 90 days "to complete the discovery necessary to respond to" the motion. (Dkt. 27.) The oral order also gave Li 120 days to file a response. (*Id.*) While resolving a motion to quash certain discovery, (*see* Dkts. 30, 31, 34, 36, 39, 40), Magistrate Judge Joel C. Hoppe extended those deadlines to 120 days to complete discovery and 150 days to file a response, from the date of Judge Ballou's original order. (Dkt. 42.)

The parties did not file any additional briefing in that time period, and this court denied the motion for summary judgment on March 25, 2025. (Dkt. 45.) In doing so, the court instructed Li that if he wished to seek FLSA collective designation or Rule 23 class certification, he must file a motion to do so within two weeks of the date of the court's order. (*Id.*; *see* Dkt. 44 at 11 n.4.)

Li filed a motion for conditional collective certification on April 8, 2025. (Dkt. 48.) The motion seeks certification of a collective "of all barbers and hairdressers who worked at

Chung's Barber Shop's Charlottesville location and/or its Henrico location between April 23, 2021 and the date this motion is granted." (*Id.* ¶ 1.) Li also asks that the court order Defendants to produce the collective members' identifying and contact information; permit Li to provide notice to collective members by mail, email, and text message in English and Chinese; allow collective members a 90-day opt-in period; and order Defendants to post a copy of said notice on their premises throughout that opt-in period. (*Id.* ¶¶ 2–5.) Li attached two proposed notices (Dkts. 48-2, 48-3) and two proposed reminder notices (Dkts. 48-4, 48-5) to his motion.

Two weeks later, Defendants filed a memorandum in opposition to the motion. (Dkt. 51.) To the memorandum, Defendants attached three exhibit emails discussing scheduling and the proposed collective certification. (*See* Dkts. 51-1, 51-2, 51-3.) Li did not file a reply brief.

## II.  Standard of Review

An action to recover for FLSA violations may be brought "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Certification of an FLSA collective requires that "(1) putative class plaintiffs are 'similarly situated' to named plaintiffs and (2) plaintiffs joining the class 'opt-in' by filing their consent with the court." *Mendoza v. Baird Drywall & Acoustic, Inc.*, No. 7:19-cv-00882, 2021 WL 2435873, at *2 (W.D. Va. June 15, 2021).

"Courts in the Fourth Circuit have generally followed a two-stage approach to certification of an FLSA collective action." *Sands v. Blue Ridge Rock Festival*, No. 6:22-cv-00056,

2023 WL 3097223, at *3 (W.D. Va. Apr. 26, 2023) (collecting cases). At the first step, the plaintiff bears the burden of demonstrating that the putative collective of "similarly situated" persons exists. *See Larson v. True Select, LLC*, No. 5:21-cv-00077, 2022 WL 422168, at *3 (W.D. Va. Feb. 11, 2022). This burden is "fairly lenient" and requires only a showing of "minimal evidence, such as factual evidence by affidavits or other means." *Mendoza*, 2021 WL 2435873, at *3 (internal citations and quotation marks omitted); *see LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2012 WL 4739534, at *4 (E.D. Va. Oct. 2, 2012) ("Put another way, the touchstone at this stage is merely whether Plaintiffs have demonstrated some factual nexus connecting them to other potential plaintiffs as victims of an unlawful policy." (cleaned up)). "In other words, '[c]onditional certification is liberally granted.'" *Larson*, 2022 WL 422168, at *3 (quoting 7 William B. Rubenstein, *Newberg on Class Actions* § 23:38 (5th ed. 2021)). In making this determination, courts do not "resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." *Spencer v. Macado's, Inc.*, No. 6:18-cv-00005, 2019 WL 4739691, at *2 (W.D. Va. Sept. 27, 2019) (internal quotation marks omitted). If the court conditionally certifies the class, it will also usually authorize plaintiff's counsel to provide putative class members with notice of the suit and their right to opt-in. *See Barb v. Heath Consultants, Inc.*, No. 1:23-cv-00058, 2024 WL 3292835, at *2 (W.D. Va. July 3, 2024) (citing *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011)); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

The second step occurs only if the defendant files a motion for decertification, normally after discovery is complete. *Barb*, 2024 WL 3292835, at *3. As in the first step, the plaintiff must show that the putative class members are similarly situated. *Id.* "However, the court applies a heightened fact specific standard at the second stage." *Id.*; *see Romero*, 796 F. Supp. 2d at 705–06 (describing this standard as "more rigorous" than that at the first step). If the court determines that the plaintiffs are similarly situated, the collective action proceeds to trial. If it does not, "the court decertifies the class, and the claims of the opt-in plaintiffs are dismissed without prejudice." *Romero*, 796 F. Supp. 2d at 706.

The FLSA does not define "similarly situated," nor has the Fourth Circuit provided guidance on its meaning. *See Mendoza*, 2021 WL 2435873, at *3. District courts in this circuit have found that putative class members are similarly situated under § 216(b) if they "raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." *Romero*, 796 F. Supp. 2d at 705 (quoting *De Luna-Guerrero v. N.C. Grower's Ass'n, Inc.*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004)). Additionally, "[t]here must be sufficient reason to believe that there are issues common to the proposed class that are central to the disposition of the FLSA claims and that such common issues can be substantially adjudicated without consideration of facts unique or particularized as to each class member." *LaFleur*, 2012 WL 4739534, at *4 (internal quotation marks omitted). However, plaintiffs' situations "need not be identical" to render them similarly situated. *Romero*, 796 F. Supp. 2d at 705

(internal quotation marks omitted) ("Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination.").

### III.   Analysis

#### A. Motion for Conditional Certification

In this case, Li seeks conditional certification of a class of "all barbers and hairdressers who worked at Chung's Barber Shop's Charlottesville location and/or its Henrico location between April 23, 2021 and the date this motion is granted." (Dkt. 48 ¶ 1.) Li's complaint and affidavit attached to this motion allege that he worked approximately 76 hours per week and was paid a 60% commission on his services, amounting to approximately $770 in wages per week, which did not include overtime compensation. (Dkt. 48-8 ¶¶ 9, 18–20.) He estimates that all of his Charlottesville co-workers worked approximately the same hours (*id.* ¶¶ 13–16) and that other than three co-workers identified as Defendant Chung's in-laws—who earned a slightly higher commission—all of his Charlottesville co-workers earned the same 60% commission on services rendered (*id.* ¶¶ 21–26). Additionally, Li estimates that the employees at the Henrico location of Chung's Barber Shop worked approximately 74 hours per week and made the same 60% commission, resulting in a similar total weekly income. (*Id.* ¶¶ 29–32.) Both Charlottesville and Henrico locations shared a common owner and common managers, and employees were occasionally transferred between branches as needed. (*Id.* ¶¶ 36–38.) Li also attaches the affidavit of Man Xiu Xiong, another employee of Chung's Barber Shop, which corroborates his claims as to the Charlottesville location. (Dkt. 48-9 ¶¶ 9, 13–26.)

Defendants make no objection to the similarity of Li's proposed class of plaintiffs. Instead, their sole argument against Li's motion is that it is untimely and therefore unfairly prejudicial. (*See* Dkt. 51 at 5–7.) Defendants cite three district court cases for the proposition that motions for collective certification must be filed well before the end of discovery, unless sufficient cause is shown. (*Id.* at 6–7.)

Those cases are inapposite here. In *Buszta v. Quality Midwestern Holdings, Inc.*, the court denied the plaintiff's motion for conditional certification when it was filed "over four months after discovery was opened and less than thirty days before the close of discovery." No. 1:18-cv-593, 2019 WL 1567890, at *1 (E.D. Va. Mar. 1, 2019). Defendants claim that they are "in a similar position to the defendants in *Buszta*" because any hearing on the motion would "likely not occur until less than thirty days prior to the close of discovery." (Dkt. 51 at 7.)

In *Buszta*, however, the parties had previously agreed to a joint discovery plan, in which the first two months of discovery would be spent focusing on conditional certification, after which the parties would meet and confer on the topic. *Buszta*, 2019 WL 1567890, at *1. The court had also ordered that any motion to join a party must be made "as soon as possible after counsel or the party becomes aware of the grounds for the motion." *Id.* Because the plaintiff there waited "well beyond the end of the first two months of discovery and not 'as soon as possible' after she became aware of the grounds for the Motion," the court ultimately held that her "failure to move for conditional certification in accordance with the applicable discovery and joinder deadlines is itself good cause to deny the Motion as untimely, even setting aside the issue of prejudice to Defendants and the Court." *Id.* at *2 (footnotes omitted).

- 8 -

True, Li did not file his motion for conditional certification until nearly one year after filing his complaint, which he styled as a collective action, (*see* Compl.), and with only six weeks remaining in the discovery period, (*see* Dkt. 38). But Li has not done so in violation of any discovery or scheduling deadline set by the court. *See Higgins v. James Doran Co., Inc.*, Civ. No. 2:16-2149, 2017 WL 3207722, at *2–3 (D.S.C. July 28, 2017) (denying motion for conditional certification as untimely where filed "after the discovery deadline, after the deadline for summary judgment motions, over one year after the filing of [the] action, and six weeks after the deadline for motions to join other parties"). *But see Cockman v. Assignment Desk Works LLC*, No. 2:19-cv-3082, 2021 WL 1738509, at *5 (D.S.C. May 3, 2021) (declining to deny motion for conditional certification "merely because it was filed after the joinder deadline set forth in the then applicable scheduling order"); *Davis v. Universal Am-Cam, Ltd.*, No. 2:10-cv-2947, 2012 WL 12915291, at *4 (D.S.C. Jan. 18, 2012) (granting despite filing after discovery deadline). Defendants "ha[ve] not directed the Court to any authority that *requires* the plaintiff to move for conditional class certification early in the case or suggests that the plaintiff has missed some type of hard deadline." *Degidio v. Crazy Horse Saloon & Rest., Inc.*, No. 4:13-cv-02136, 2015 WL 5834280, at *20 (D.S.C. Sept. 30, 2015) (granting motion filed after discovery deadline). In the absence of such authority, the court finds that, although "ideally, [Li] would have requested conditional class certification much earlier in this litigation," there is no reason Li should be barred from pursuing a collective action based solely on this delay. *Davis*, 2012 WL 12915291, at *4.

Additionally, Defendants claim they are comparable to the defendants in *Rivera v. Jet Automotive Services, LLC*, "who had litigated [their] case through nearly the entire discovery period on the assumption that its scope was limited to [the named plaintiffs'] claims" before the plaintiffs filed a motion for conditional certification. Civ. No. 20-1037, 2021 WL 3056224, at *1 (D. Md. July 20, 2021); *see also Rivera v. Jet Auto. Servs., LLC*, Civ. No. 20-1037, 2021 WL 2382836, at *4 (D. Md. June 10, 2021) (noting the motion was filed "nearly four months after the joinder deadline, and only a week before the discovery deadline"). The court in *Rivera* observed that, although "late-filed conditional certification motions are not unheard of, they are heavily disfavored," and that "[g]ranting such motions generally requires that [p]laintiffs 'satisfactorily demonstrate[] good cause for [their] failure to move for conditional certification at an earlier and more appropriate date.'" *Rivera*, 2021 WL 3056224, at *2 (quoting *Buszta*, 2019 WL 1567890, at *1). Defendants argue that, "[u]nlike the defendants in *Rivera*," they have "been offered no reasons whatsoever for Li's untimely filing." (Dkt. 51 at 7.)

The *Rivera* and *Buszta* courts appear to have imported the "good cause" standard from Federal Rule of Civil Procedure 16(b), which provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied . . . ."). The application of Rule 16(b)'s standard makes sense in those cases given that the motions to conditionally certify were filed after the expiration of court-ordered deadlines and would

- 10 -

require the extension of those deadlines if granted.  Here, where Li's motion to conditionally certify runs afoul of no court order, the court finds Li need not show "good cause" for delay.

Defendants finally cite *Davis v. Universal Am-Cam, Ltd.*, where the court granted a late-filed motion to conditionally certify because the defendants had "cited no authority for the proposition that [the] [p]laintiff should be barred from pursuing a collective action based solely on [his] delay." 2012 WL 12915291, at *4.  Reading the opinion literally, Defendants appear to argue that, because they have provided the court "with relevant cases to support the proposition that Li's Motion should be dismissed with prejudice as untimely filed," this court must find contrary to the *Davis* court. (Dkt. 51 at 6–7.)

Though Defendants have provided the court with cases relevant to the issue of timeliness, the court finds them unpersuasive as applied to the facts of this case.  *See Degidio*, 2015 WL 5834280, at *20 ("[E]ven though the defendant is asking the Court to enforce a previously undeclared deadline by denying the motion outright, it cites no precedent for such a harsh decision.").  The court accordingly declines to deny Li's motion for conditional certification solely on the grounds of timeliness.

Turning to the merits, the court concludes that the members of the putative class are similarly situated such that class treatment is appropriate at the "notice" stage.  Li's proposed class consists of employees of a single business, managed at two locations by the same managers, subject to largely the same compensation structures and work hours imposed by Defendants.  Li, through his sworn affidavit and the affidavit of Man Xiu Xiong, (*see* Dkts. 48-8, 48-9), has sufficiently made the "relatively modest factual showing" required of a plaintiff

- 11 -

at this stage.  *See Li v. Escape Nails & Spa, LLC*, Civ. No. 23-1487, 2024 WL 2728497, at *2–3 (D. Md. May 28, 2024) (internal quotation marks omitted).  The court concludes that putative class members therefore "raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." *Romero*, 796 F. Supp. 2d at 705 (internal quotation marks omitted).  Finding such, the court will grant Li's motion for conditional collective certification.

### B. Dissemination of Notice

Having conditionally certified Li's FLSA collective action, the court must also address his requests to (1) permit him to disseminate notice by mail, email, and text message to potential plaintiffs; (2) order Defendants to post a copy of said notice on their premises; (3) permit potential plaintiffs ninety (90) days from the dissemination of said notice to opt-in to this litigation; and (4) order Defendants to produce potential plaintiffs' identifying and contact information.  (Dkt. 48 ¶¶ 2–5.)  Additionally, the court must address the suitability of Li's proposed notices and reminders, which he submitted as attachments to his motion for conditional certification.  (*See* Dkts. 48-2, 48-3, 48-4, 48-5.)

#### 1. Means of Notice

"The FLSA manifests a preference that when collective action certification is granted, a court-controlled notice be provided to potential putative plaintiffs, rather than permitting unregulated solicitation efforts to secure joinder by those individuals." *Larson*, 2022 WL 422168, at *6 (quoting *Adams v. Citicorp Credit Servs., Inc.*, 93 F. Supp. 3d 441, 456 (M.D.N.C.

2015)). Li asks that he be permitted to disseminate notice by mail, email, and text message to potential plaintiffs. (Dkt. 48 ¶ 3.) He also asks that the court order Defendants to post a copy of the notice on their premises throughout the opt-in period. (*Id.* ¶ 4.) Defendants do not oppose these requests. (*See* Dkt. 51.)

"[C]ourts in the Fourth Circuit often permit issuance of notice by U.S. mail, email, and text message." *Norman v. Encompass Health Rehab. Hosp. of N. Va., LLC*, No. 1:23-cv-01518, 2024 WL 3568605, at *10 (E.D. Va. July 12, 2024); *see also Roldan v. Bland Landscaping Co., Inc.*, 341 F.R.D. 23, 35 (W.D.N.C. 2022) (explaining utility of notice by text message in addition to mail and email). With no opposition from Defendants, the court will permit notice by U.S. mail, email, and text message. The court will additionally grant Li's request to post notice at Defendants' Charlottesville and Henrico locations throughout the duration of the opt-in period. *See Wilson v. Marlboro Pizza, LLC*, Civ. No. 22-1465, 2024 WL 415349, at *4 (D. Md. Feb. 5, 2024) (allowing such postings alongside mail, email, and text notice). Further, although Li does not specifically request permission to use a website to collect electronic signatures of consent forms, his proposed notice indicates that he wishes to do so. (*See* Dkt. 48-3 ("For additional information about the case . . . visit [insert URL linking to full notice and electronic consent form].").) The court will allow Li to utilize such a website, provided that it be submitted to the court prior to dissemination for approval. *See Chapman v. Saber Healthcare Grp., LLC*, 623 F. Supp. 3d 664, 682 (E.D. Va. 2022) ("District courts regularly permit electronic signatures of consent forms, as technological advances have made electronic signatures trustworthy and reliable.").

To facilitate such notice, Li requests an order requiring Defendants to produce the identifying and contact information of the proposed class members. (Dkt. 48 ¶ 2.) Specifically, he requests a Microsoft Excel spreadsheet listing the following information for each potential plaintiff: (1) a unique numerical identifier; (2) first and last name; (3) nickname; (4) gender; (5) position/title; (6) last known street address; (7) last known city, state, and ZIP code; (8) last known telephone number; (9) last known email address; (10) first day of work; (11) last day of work; and (12) primary work location (either Charlottesville or Henrico). (Dkt. 49 at 12.)

The court will grant Li's request for an order directing Defendants to provide his counsel with the full names, current or last known physical addresses, dates and location of employment, and email addresses for current and former employees fitting the description of the conditionally certified class. *See, e.g.*, *Thomas v. Maximus, Inc.*, No. 3:21cv498, 2022 WL 1482010, at *7 (E.D. Va. May 10, 2022). The court will also order disclosure of alternate names or nicknames used by the employees at work. Additionally, although "[c]ourts in the Fourth Circuit appear to be split in their approach to ordering disclosure of potential FLSA plaintiffs' phone numbers," the court will order disclosure of mobile telephone numbers only to facilitate dissemination of notice by text message. *Id.* (noting that courts have ordered disclosure of phone numbers "especially in recent years, as text messaging has become a ubiquitous form of communication"). The court will not order disclosure of potential plaintiffs' positions/titles or gender, as that information does not appear relevant to distribution of the proposed notice.

    2.  Opt-In Period

"District courts in the Fourth Circuit generally authorize opt-in periods between thirty and ninety days." *Chapman*, 623 F. Supp. 3d at 680 (internal quotation marks omitted). Li asks the court for a ninety-day notice period, (Dkt. 48 ¶ 5), while Defendants request a period of no more than thirty days, (Dkt. 51 at 7–10). Defendants correctly note that even a thirty-day opt-in period would require the court to extend the discovery deadline in this case. (*Id.* at 10–11.)

Because Li's proposed class is quite small, and to aid in the timely adjudication of this case, the court will permit a thirty-day opt-in period for potential plaintiffs. *See Williams v. Long*, 585 F. Supp. 2d 679, 692 (D. Md. 2008) (setting thirty-day opt-in period). Potential plaintiffs will have thirty days from the date of dissemination of notice to opt-in to the litigation via consent form.

Additionally, Li requests the sending of a "reminder" notice to the potential plaintiffs. Here, where the notice period is only thirty days, the court believes a reminder notice is "unnecessary" and "potentially improper." *Byard v. Verizon W. Va., Inc.*, 287 F.R.D. 365, 373 (N.D. W. Va. 2012) ("[N]umerous district courts around the country have found that reminder notices have a tendency to both stir up litigation . . . and inappropriately encourage putative plaintiffs to join the suit."); *see Stacy v. Jennmar Corp. of Va., Inc.*, No. 1:21-cv-00015, 2021 WL 4787278, at *5 (W.D. Va. Oct. 14, 2021) (declining to allow reminder notice "at least until the plaintiffs show that the original notice was ineffective"). Moreover, the court finds the means of providing notice, as discussed above, will obviate the need for additional reminders. *See*

*Baylor v. Homefix Custom Remodeling Corp.*, 443 F. Supp. 3d 598, 609 (D. Md. 2020) (declining to issue reminder in part because of notice posted at workplace). The court will therefore decline to allow the issuance of a reminder notice during the thirty-day opt-in period.

### 3. Proposed Notice

Though courts exercise "broad discretion regarding the details of the notice sent to potential opt-in plaintiffs," they must still ensure that the proposed notice "provide accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate." *Clark v. Williamson*, No. 1:16cv1413, 2018 WL 1626305, at *7 (M.D.N.C. Mar. 30, 2018) (quoting *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 574–75 (D. Md. 2012)). Additionally, they "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). However, "[a]bsent reasonable objections by either the defendant or the Court, plaintiffs should be allowed to use the language of their choice in drafting the notice." *Lynch v. Dining Concepts Grp., LLC*, No. 2:15-cv-580, 2015 WL 5916212, at *6 (D.S.C. Oct. 8, 2015) (internal quotation marks omitted).

Defendants do not object to the substance of Li's proposed notice, (*see* Dkt. 51), and the court finds that they have waived any potential objection to the contents of the notice by failing to address the issue in their briefing. *See Clark*, 2018 WL 1626305, at *7. To satisfy its obligation to ensure the accuracy of the notice, the court orders the following modifications to the proposed "Court-Authorized Notice of 29 U.S.C. § 216(b) Collective Action" (Dkt. 48-2):

1. Under heading 12, (*id.* at 4), Li is instructed to include the following sentences: "Authorization of this notice does not constitute a ruling on the merits and should not be taken as endorsement of either party's claims. The court does not give any advice as to whether or not you should join this lawsuit."

Li is directed to submit the edited notice, examples of the notice as it will be sent via mail, email, and text message, and the URL leading to the electronic consent form for court approval prior to dissemination of notice by his counsel.

Additionally, the court approves Li's request to have the proposed notices translated into the appropriate Chinese language for putative class members. *See, e.g.*, *Clark*, 2018 WL 1626305, at *8 (approving translation into Spanish for putative class members).

4. Deadlines

To facilitate the expeditious resolution of these matters, the court will order the following deadlines. Defendants will be ordered to submit their required disclosures to Li or his counsel by Wednesday, May 7, 2025. Li will be ordered to submit his edited notice, examples thereof, and the URL for electronic consent to the court by the same date. Upon approval of said notice by the court, Li will be ordered to disseminate notice no later than Friday, May 9, 2025, and Defendants will be ordered to post said notice in their Charlottesville and Henrico locations no later than the same date.

Upon issuance of said notice, potential plaintiffs will have thirty days to opt-in to this litigation, with a deadline of Sunday, June 8, 2025. Though the discovery deadline in the court's October 31, 2024 scheduling order will remain in place, (*see* Dkt. 38), the court will grant Defendants' request for an extension only for the limited purpose of conducting

discovery related to the potential opt-in plaintiffs. Discovery for that limited purpose must be completed by Friday, June 20, 2025.

### IV.    Conclusion

For the foregoing reasons, the court will grant Li's motion for conditional collective certification (Dkt. 48). Li's additional requests regarding the proposed notice will be granted in part and denied in part. Defendants shall provide Li's counsel with an electronic file containing the names, alternate names/nicknames, addresses, email addresses, mobile phone numbers, and dates and location of employment of all collective members by May 7, 2025. Li's counsel shall submit to the court an edited notice, examples of the notice as it will be sent by mail, email, and text message, and the URL to the electronic consent website by May 7, 2025. Li's counsel must disseminate notice by May 9, 2025, and Defendants must post notice in their Charlottesville and Henrico locations by the same date. Collective members will have thirty (30) days to opt-in to the litigation, with a deadline of June 8, 2025. The parties are granted a brief extension of the discovery deadline to June 20, 2025, for the limited purpose of conducting discovery related to any opt-in plaintiffs. All other discovery must be completed by the original discovery deadline or as ordered by U.S. Magistrate Judge Joel C. Hoppe. (*See* Dkt. 54.)

An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 5th day of May, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE