Case 3:24-cv-00025-JHY-JCH   Document 79   Filed 07/02/25   Page 1 of 7
Pageid#: 656

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
July 02, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Jianxin Li, | ) |
|         Plaintiff, | ) |
| v. | ) |
| Chung LLC | )    Civil Action No. 3:24-cv-00025 |
|         and | ) |
| Stanley Chung, | ) |
|         Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on Defendants Chung LLC and Stanley Chung's motion to strike. (Dkt. 70.) Plaintiff Jianxin Li brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Virginia Minimum Wage Act ("VMWA"), Va. Code Ann. § 40.1-28.8 *et seq.*, and the 2020 amendments to the Virginia Wage Payment Act ("VWPA"), Va. Code Ann. § 40.1-29 *et seq.* (Compl. ¶ 1 (Dkt. 1).) Li filed the action as both an FLSA collective action under 29 U.S.C. § 216(b) and a class action under Federal Rule of Civil Procedure 23. (*Id.* ¶ 2; *see id.* ¶¶ 45–54.) Defendants now move to strike all filings filed between March 18 and May 22, 2025, and signed by Li's counsel, Aaron B. Schweitzer, on the grounds that the filings violated Federal Rules of Civil

Procedure 11(a) and 7(b)(2) and Local General Rule 6(a). (Dkt. 70 ¶¶ 5–6.) For the reasons stated below, the court will deny the motion.

## I. Background

On April 23, 2024, Li filed a complaint against Defendants challenging the payment of his wages as an employee of Chung LLC, doing business as Chung's Barber Shop, from September 2017 to July 2023. (*See* Compl.) Approximately three months later, Defendants answered the complaint and filed a motion for summary judgment on the same day, claiming that Li had failed to demonstrate that Defendants' gross volume of sales met the statutory threshold for application of the FLSA. (Dkts. 13, 14.) Following delays due to discovery disputes, this court denied the motion for summary judgment on March 25, 2025. (Dkt. 45.) It additionally directed that, should Li wish to seek FLSA collective designation and/or Rule 23 class certification, he file a motion to do so within two weeks. (*Id.*)

Two days later, Li filed a letter response to Defendants' summary of discovery disputes through his attorney, Schweitzer. (Dkt. 46.) On April 8, 2025, Li filed a motion seeking conditional collective certification under the FLSA, also through Schweitzer. (Dkt. 48.) The motion included a declaration by Schweitzer as attorney of record in support of the motion, (Dkt. 48-1), and was accompanied by a brief in support, (Dkt. 49). One week later, Schweitzer filed a notice of consent to become a party plaintiff on behalf of Man Xiu Xiong, Li's wife. (Dkt. 50.) Following the court's order granting in part and denying in part Li's motion to certify, (*see* Dkt. 56), Li filed a letter submitting revised collective action notices for the court's review on May 7, 2025, again through Schweitzer. (Dkt. 58.)

On May 21, 2025, Defendants' counsel informed the court that Schweitzer was not a Virginia State Bar member in good standing. (*See* Dkt. 65.) That afternoon, Schweitzer confirmed on the record that he was not in good standing and that his Virginia law license had been administratively suspended since March 18, 2025. He denied receiving prior notice of his suspension from the Virginia State Bar. (Dkt. 63; *see* Dkt. 70 at 1 n.1.) The same day, U.S. Magistrate Judge Joel C. Hoppe directed that neither Schweitzer nor his co-counsel Tiffany Troy, who had been admitted to appear *pro hac vice* in this action upon Schweitzer's motion, could appear on Li's behalf "in any capacity" while Schweitzer remained not in good standing with the Virginia State Bar. (Dkt. 65; *see* Dkt. 20.) Judge Hoppe further directed Li to retain an attorney in good standing with the Virginia State Bar and admitted to practice in the Western District of Virginia by June 5, 2025. (*See* Dkt. 65.)

On May 23, 2025, Schweitzer advised the court that his status with the Virginia State Bar had been restored to "in good standing" the day prior. (Dkt. 66.) Judge Hoppe accordingly vacated the portion of his order directing Li to retain new counsel and found that Schweitzer and Troy could again participate in this action on Li's behalf. (*Id.*)

Five days later, Defendants filed a motion to strike all filings signed by Schweitzer while he was under administrative suspension, from March 18 to May 22, 2025. (Dkt. 70.) Citing Federal Rules of Civil Procedure 11(a) and 7(b)(2), in conjunction with this court's Local General Rule 6(a), Defendants argue that "all papers Schweitzer attempted to file in this action" during the period in question "are invalid and must be stricken." (*Id.* ¶ 6.) Li filed a

- 3 -

response to this motion on June 2, 2025, (Dkt. 71), and Defendants filed a reply one week later, (Dkt. 73).

## II. Analysis

Rule 11(a) of the Federal Rules of Civil Procedure requires "[e]very pleading, written motion, and other paper" be signed by an attorney of record or a *pro se* party. Fed. R. Civ. P. 11(a). The court must strike any unsigned filings "unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.*; *see McGraw v. Gore*, 31 F.4th 844, 853 (4th Cir. 2022). Filings that are signed but, "due to the application of another rule, [are] considered invalid because of a wrong signature" may also be considered unsigned under Rule 11. *See Caison v. Scientific*, No. 5:22-cv-00013, 2022 WL 10146542, at *3 (W.D. Va. Oct. 17, 2022).

Defendants argue that Rule 11(a) and this court's Local General Rule 6(a) together[1] render Schweitzer's filings in this court during his period of administrative suspension "invalid." (Dkt. 70 ¶ 6.) Local General Rule 6, titled "Attorneys," provides the court's exclusive guidance on an attorney's eligibility to practice in the Western District of Virginia. *See* W.D. Va. Gen. R. 6. As relevant here, an attorney admitted on the basis of his Virginia State Bar membership must be "an active or emeritus member in good standing," although

---

[1] Though Defendants additionally cite Rule 7(b)(2), presumably to emphasize that Rule 11(a) governs the "motions and other papers" filed by Schweitzer during his administrative suspension, *see* Fed. R. Civ. P. 7(b)(2), the Fourth Circuit has held that Rule 11 "applies to every paper signed during the course of the proceedings and not only to the pleadings." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382–83 (4th Cir. 1991) (internal quotation marks omitted). The court proceeds assuming without deciding that each of Schweitzer's filings during the period of his administrative suspension constitutes a "motion" or "paper" subject to the Rule 11(a) signature requirement.

- 4 -

the court may in its discretion admit associate, retired, or disabled members of the Virginia State Bar who do not engage in the practice of law. W.D. Va. Gen. R. 6(b). Upon admission, "[a]ny person who is an active or emeritus member of the Virginia State Bar in good standing is eligible to practice before this Court." W.D. Va. Gen. R. 6(a). The rules do not provide that an attorney admitted because of his Virginia State Bar membership is eligible to practice outside of Local General Rule 6(a).

During the period Schweitzer was not in good standing with the Virginia State Bar, he was not eligible to practice in this court. *See id.* Accordingly, his signature as attorney of record on all filings made in this case during that time is invalid. This includes any documents submitted through electronic filing by Schweitzer. *See* W.D. Va. Gen. R. 7(c) (deeming the electronic filing of a document through an attorney's registered CM/ECF account "the signature of that attorney under Federal Rule of Civil Procedure 11"). Specifically, the court finds Dkts. 46, 48 (including all exhibits), 49,[2] 50,[3] and 58 (including all exhibits) defective under Rule 11(a). Because Schweitzer's signature was invalid, the court treats those filings as unsigned by an attorney of record. *See Caison*, 2022 WL 10146542, at *3.

---

[2] Li contends that Dkts. 48 and 49 may not be stricken because they "consist of motion papers." (Dkt. 71 at 2.) Li confuses Rule 11(a) with Rule 12(f), which is limited to "a pleading." *See* Fed. R. Civ. P. 12(f). Rule 11(a), as noted above, bears no similar constraint.

[3] Li further argues that Dkt. 50 may not be struck because it was "signed by [Xiong] before her representation commenced with the filing of her consent to become a party plaintiff." (Dkt. 71 at 1–2.) Nevertheless, Schweitzer electronically filed this notice on behalf of Xiong Man Xiu using his log in and password, which "constitute[d] a signature on the document being filed." *See* W.D. Va. Gen. R. 7(c); *see also* Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, at 7 (revised effective Sept. 2, 2024), https://perma.cc/68FS-6AU3.

Even so, Rule 11(a) expressly allows filing parties to cure a signature defect by prompt correction. *See* Fed. R. Civ. P. 11(a). Such a defect may be cured "by signing the paper on file or by submitting a duplicate that contains the signature." Fed. R. Civ. P. 11(a) advisory committee's note to 1993 amendment; *see Becker v. Montgomery*, 532 U.S. 757, 764–65 (2001) (discussing the same). Courts generally hesitate to strike unsigned filings "without providing an opportunity to cure or a showing of severe prejudice." *Patel v. Jones*, No. 7:21-cv-00401, 2022 WL 822113, at *7 (W.D. Va. Mar. 17, 2022) (collecting cases). This hesitation aligns with federal courts' preference "in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Li maintains that any signature defect was promptly corrected by Schweitzer's reinstatement of his good standing with the Virginia State Bar and subsequent reinstatement to practice in this court. (*See* Dkt. 71 at 3–4.) Defendants, however, contend that "the mere restoration of Mr. Schweitzer's Virginia license does not cure the defective filings he made on behalf of plaintiffs" and that Li must "refile[] the defective papers to correct the defect." (Dkt. 73 at 1–2.) Perhaps unsurprisingly, given the apparent rarity of Rule 11(a) motions brought to cure a defect arising from an attorney's suspension, neither Li nor Defendants cite any case in which a court addresses whether reinstatement of an attorney's ability to practice before the court itself suffices to cure a filing signed when the attorney was suspended.

Hewing closely to Rule 11(a), and finding that Defendants have not claimed any prejudice from the defective filings, the court will deny Defendants' motion to strike and direct Li to cure the defective filings by refiling them in full compliance with Rule 11(a) and this

court's local rules within seven (7) days of the accompanying Order. *See Becker*, 532 U.S. at 764–65. The court will consider any documents refiled within that time to be promptly corrected, bearing in mind the necessity of refiling was not obvious. *See Wolford v. Budd Co.*, 149 F.R.D. 127, 129–31 (W.D. Va. 1993) (finding complaint signed by attorney not admitted to practice in the state cured when attorney obtained *pro hac vice* admission four months later). Any corrected documents timely filed will relate back to their original dates of filing. *See Caison*, 2022 WL 10146542, at *2. However, any filings not cured within seven days will be struck by the court as mandated by Rule 11(a).

The court notes that, in granting Li the opportunity to cure these defects, it addresses only the Rule 11(a) motion before it. The court expressly declines to analyze whether Schweitzer's filing constituted the unauthorized practice of law and/or whether Schweitzer's conduct is sanctionable under Rule 11. These issues are not properly before the court upon Defendants' Rule 11(a) motion, and accordingly this memorandum opinion should in no way be read as a ruling on any alleged unauthorized practice of law or sanctionable conduct.

### III. Conclusion

For the foregoing reasons, the court will **deny** Defendants' motion to strike (Dkt. 70). An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 2nd day of July, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE