CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Jianxin Li, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:24-cv-00025 |
| Chung LLC | ) |
| and | ) |
| Stanley Chung, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants Stanley Chung and Chung LLC's motion *in limine*. (Dkt. 90.) Defendants seek to exclude reference to a separately-filed retaliation suit brought by Plaintiffs Jianxin Li and Man Xiu Xiong. For the reasons that follow, the court will grant the motion.

### I. Background

This lawsuit involves alleged violations of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Virginia Minimum Wage Act, Va. Code Ann. § 40.1-28.8 *et seq.*, and the 2020 amendments to the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 *et seq.* A jury trial is scheduled to begin on August 18, 2025. (Dkts. 25, 26.)

Pursuant to a jury trial order entered on June 4, 2025, (Dkt. 72), Defendants submitted a single motion *in limine*. (Defs.' Mot. *in Lim.* to Exclude Reference to the Retaliation Suit Filed by Pls.' against the Defs. (Dkt. 90) [hereinafter "Mot."].) The motion seeks to exclude information concerning a separately-filed civil lawsuit filed by Plaintiffs against Defendants in this district. Plaintiffs did not file any opposition to the motion.

## II. Standard of Review

A motion *in limine* allows the trial court to rule on the admissibility of anticipated evidence prior to trial. *Luce v. United States*, 469 U.S. 38, 40 n.2, 41 n.4 (1984). The trial court should exclude evidence on a motion *in limine* only when the evidence "is clearly inadmissible on all potential grounds." *United States v. Dumire*, No. 7:15-cr-00098, 2016 WL 4507390, at *3 (W.D. Va. Aug. 26, 2016) (quoting *United States v. Verges*, No. 1:13-cr-222, 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014)). Alternatively, the court may reserve judgment on a motion *in limine* until trial "so that the disputed evidence is placed in the appropriate factual context." *Id.* (quoting *Verges*, 2014 WL 559573, at *3). When the court does resolve a motion *in limine* before trial, its decision "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the [factual] proffer." *Luce*, 469 U.S. at 41. "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id.* at 41–42.

## III. Analysis

Defendants' move the court to exclude any reference to *Jianxin Li and Man Xiu Xiong v. Chung LLC* et al., 3:25-cv-00022 (W.D. Va. filed Apr. 16, 2025) ("the lawsuit"). (Mot at 1.)

- 2 -

The lawsuit, filed in the same district and division as the instant case, raises federal and state retaliation claims from the same Plaintiffs against the same Defendants.* In their motion, Defendants cite Federal Rules of Evidence 401 and 403 as support for excluding information about the lawsuit. (*Id.* at 1–2.)

### A. Applicable Rules of Evidence

Rule 401 addresses relevance. Courts begin evidentiary analyses with the idea that all relevant evidence is admissible unless prohibited by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Irrelevant evidence, on the other hand, is not admissible. *Id.* Rule 401 defines relevant evidence as that which "has any tendency to make a fact [of consequence to the determination of the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 401's "basic standard of relevance thus is a liberal one." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993).

Rule 403 establishes certain limitations on the admissibility of relevant evidence. It provides that the trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" refers to "an undue tendency

---

* An additional defendant, John Doe, is named in the lawsuit, but is not named in the instant matter.

suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's notes to 1972 proposed rules. "Evidence is unfairly prejudicial and thus should be excluded under Rule 403 when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) (cleaned up).

### B. The Lawsuit

Defendants request "an order *in limine* excluding any witness examination regarding or reference to" the lawsuit. (Mot. at 3.) They assert that Plaintiffs have previously referenced the lawsuit in various briefs and in Chung's deposition. (*Id.* at 1.) Oddly, although Defendants gesture towards an absence of relevancy under Rule 401, they simultaneously appear to admit the lawsuit might be relevant to Plaintiffs' FLSA claims. (*Compare id.* at 2 ("Even if the fact of the [lawsuit] were somehow relevant[,] *which defendants strongly contest . . . .*") *with id.* at 1 ("Although the [lawsuit] *is a related claim* to plaintiffs' [FLSA] claim against Chung . . . .") (emphasis added).) Still, the court concludes that any reference to the lawsuit is inadmissible.

Even if the fact of the lawsuit's existence was relevant—something Plaintiffs have chosen not to brief or dispute—the court finds that any probative value would be substantially outweighed by a danger of unfair prejudice towards Defendants. Mention of or reference to the lawsuit would serve little else than to paint Defendants as retaliatory towards Plaintiffs, creating a risk that jurors would view them unfairly and in a negative light.

Accordingly, the court will grant Defendants' motion *in limine* to exclude information about the lawsuit, including any witness examination concerning or reference to the lawsuit at trial.

### IV.     Conclusion and Order

For the foregoing reasons, Defendants' motion *in limine* (Dkt. 90) is **GRANTED**. If any new or additional evidence is introduced at trial that has bearing on the court's analysis of this motion, the court reserves its right to revisit its ruling.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

**ENTERED** this 14th day of August, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE