CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Jianxin Li, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 3:24-cv-00025 |
| Chung LLC | ) |
| | ) |
| and | ) |
| | ) |
| Stanley Chung, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiff Jianxin Li's motion for reconsideration (Dkt. 101). For the reasons that follow, the court will deny the motion.

**I.     Background**

This is a civil action for unpaid wages and overtime under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Virginia Minimum Wage Act, Va. Code Ann. § 40.1-28.8 *et seq.*, and the 2020 amendments to the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 *et seq.* In his complaint, Li indicated that he intended to pursue the FLSA claim as a collective action under 29 U.S.C. § 216(b) and to seek class certification for the two state-law claims under Federal Rule of Civil Procedure 23. (*See* Compl. ¶¶ 55–59, 46–54 (Dkt. 1).)

In a March 25, 2025 order, the court instructed Li that if he wished to seek FLSA collective designation or Rule 23 class certification, he must file a motion to do so within two weeks of the date of the order.  (Dkt. 45; *see* Dkt. 44 at 11 n.4.)  Li filed a motion for conditional certification of the FLSA collective action, which the court granted on May 5, 2025.  (Dkt. 56.)  On May 8, 2025, the court approved a notice of the § 216(b) collective action for distribution to collective members.  (*See* Dkts. 58, 59.)  One other individual, Man Xiu Xiong, filed a notice consenting to become a party plaintiff to the FLSA claim.  (Dkts. 50, 84.)  Li did not file a motion for class certification of the state-law claims under Rule 23.

A jury trial is scheduled to begin on August 18, 2025.  Pursuant to a jury trial order entered on June 4, 2025, (Dkt. 72), the parties submitted proposed jury instructions and proposed verdict forms on August 4, 2025, (Dkts. 95, 95-1, 96, 96-1).  Parts of those proposed materials treated Xiong as a plaintiff to both the FLSA claim and the two claims under Virginia law.  (*See* Dkt. 95 at 2, 29–32; Dkt. 95-1 at 4–5; Dkt. 96 at 14–15, 30; Dkt. 96-1 at 7–8.)

On August 5, 2025, the court entered an oral order directing the parties to resubmit proposed jury instructions and verdict forms to reflect the correct parties who bring each claim. (Dkt. 97.)  The court noted that Count I, the FLSA claim, is brought by Jianxin Li and Man Xiu Xiong, and that Man Xiu Xiong opted into that claim only when she filed her consent form.  (*Id.*)  It further stated Li did not file a Rule 23 motion for class certification for Counts II and III, the two state-law claims, and therefore brings those claims individually.  (*Id.*)

On August 11, 2025, Li filed a letter "pursuant [to] Rule 60 of the Federal Rules of Civil Procedure" that asks the court to reconsider its holding that Xiong is a plaintiff only to the FLSA claims. (Dkt. 101.)

## II.     Standard of Review

Although Li appears to move for reconsideration under Rule 60(b),[1] that Rule applies only to "final" judgments and orders. Fed. R. Civ. P. 60(b); *see Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1472–73 (4th Cir. 1991). The court's August 5, 2025 oral order was not a final judgment. As an interlocutory order, it is subject to revision under Rule 54(b) at any time prior to the entry of final judgment. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003).

"The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." *St. Annes Dev. Co., Inc. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011) (quoting *Am. Canoe Ass'n*, 326 F.3d at 514–15; *see Fayetteville Invs.*, 936 F.2d at 1473. Courts generally limit "the grounds for a Rule 54(b) motion for reconsideration

---

[1] Rule 60(a), which allows a court to "correct a clerical mistake or a mistake arising from oversight or omission," is not applicable here. Li argues that the court made a legal mistake in holding that Xiong cannot allege the state-law claims. Rule 60(a) is not the appropriate vehicle for reconsidering the legal reasoning behind a court order. *See Sartin v. McNair Law Firm PA*, 756 F.3d 259, 265–66 (4th Cir. 2014).

to (1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice." *Wootten v. Commonwealth*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016).

### III.   Analysis

Li argues that an employee who opts into an FLSA collective action under 29 U.S.C. § 216(b) opts into the entire action, including any state-law claims alleged by the original plaintiff. He contends that the court's August 5, 2025 oral order did not address "[s]ubstantial authority" that supports his position. (Dkt. 101 at 1.)

When an action consists entirely of claims arising under the FLSA, a party who opts into one FLSA claim becomes a plaintiff to any other FLSA claims alleged. Courts have recognized that conditional certification under § 216(b) "operates as to the FLSA action as a whole such that opt-in plaintiffs are opting into every FLSA claim alleged in an FLSA action." *Turner v. BFI Waste Servs., LLC*, 292 F. Supp. 3d 650, 651 (D.S.C. 2017); *see Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003).

The Fourth Circuit has not addressed whether a party who opts into an FLSA collective action under § 216(b) automatically becomes a party to any *state-law claims* alleged in the action. Several district courts in other jurisdictions have held that a § 216(b) opt-in does not have that effect. *See Reinig v. RBS Citizens, N.A.*, No. 2:15-CV-01541, 2024 WL 5443175, at *5 (W.D. Pa. Feb. 2, 2024); *Cantu v. Mammoth Energy Servs.*, No. SA-19-CV-615, 2023 WL 3681704, at *11 (W.D. Tex. Feb. 28, 2023); *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-CV-02267, 2022 WL 992671, at *2 (W.D. La. Mar. 30, 2022); *Bradford v. CVS Pharmacy, Inc.*, No. 1:12-CV-1159,

2013 WL 5587350, at *3 (N.D. Ga. Oct. 10, 2013); *Helmert v. Butterball, LLC*, No. 4:08CV00342, 2010 WL 11530649, at *2 (E.D. Ark. May 27, 2010).[2] This court finds the reasoning in those decisions persuasive. By its terms, Section 216(b) creates an opt-in procedure only for claims under the FLSA; it says nothing about opting into related state-law claims. *See Helmert*, 2010 WL 11530649, at *2 ("Congress did not authorize an opt-in procedure for claims arising under state law; rather, Congress authorized an opt-in procedure for actions to recover under the FLSA."); *see also Knepper v. Rite Aid Corp.*, 675 F.3d 249, 259 (3d Cir. 2012) (holding that "[n]either § 216(b) nor any other FLSA provision addresses causes of action for relief under state employment law").[3]

### IV.   Conclusion and Order

For the foregoing reasons, Li's motion for reconsideration (Dkt. 101) is **DENIED**.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

**ENTERED** this 14th day of August, 2025.

---

[2] Other courts, by contrast, have held or suggested that a party who opts into an FLSA collective action may become a plaintiff to any state-law claims. *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 580 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *McCoy v. Transdev Servs., Inc.*, Civ. Action No. DKC 19-2137, 2021 WL 962534, at *8 (D. Md. Mar. 15, 2021); *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 339 (W.D.N.Y. 2014). This court is more persuaded by the reasoning of the courts that have held § 216(b) does not authorize an opt-in to state-law claims.

[3] The court additionally notes that Xiong's consent form gave no indication that she sought to include state-law claims. Her consent form stated that she "authorize[d] the filing and prosecution of claims in [her] name and on [her] behalf to contest the failure of [Defendants] to pay [her] overtime wages and/or minimum wages *as required under federal law including the Fair Labor Standards Act* and also authorize[d] the filing of this consent in the action(s) challenging such conduct." (Dkt. 84 (emphasis added).)

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE