Case 3:24-cv-00025-JHY-JCH   Document 127   Filed 11/07/25   Page 1 of 13
Pageid#: 1354

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
November 07, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Jianxin Li, | ) |
| and | ) |
| Man Xiu Xiong, | ) |
| Plaintiffs, | ) Civil Action No. 3:24-cv-00025 |
| v. | ) |
| Chung LLC | ) |
| and | ) |
| Stanley Chung, | ) |
| Defendants. | ) |

### **MEMORANDUM OPINION**

This matter is before the court on Defendants Stanley Chung and Chung LLC's motion for attorney's fees and deposition expenses (Dkt. 74). Pursuant to Federal Rule of Civil Procedure 30(d)(2), Defendants seek to recover attorney's fees and reasonable expenses related to the suspended deposition of Plaintiff Jianxin Li on May 21, 2025. For the following reasons, the court will grant in part and deny in part the motion.

**I.   Background**

On April 23, 2024, Li, on behalf of himself and others similarly situated, filed a complaint alleging that Defendants violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Virginia Minimum Wage Act ("VMWA"), Va. Code Ann. § 40.1-

28.8 *et seq.*, and the 2020 amendments to the Virginia Wage Payment Act ("VWPA").[1] (Dkt. 1.) The court held a jury trial on the matter on August 18–20, 2025. (*See* Dkts. 111, 115, 117.) The court entered a judgment order consistent with the jury verdict in favor of the Defendants. (Dkt. 121.)

However, a dispute arose before trial regarding attorney's fees and deposition costs associated with Jianxin Li's deposition. On May 13, 2025, Defendants served an "Amended Notice of Deposition" on Li's counsel. (Mot. for Att'y's Fees and Dep. Expenses ¶ 1 [hereinafter "Mot. for Fees"] (Dkt. 74); (Dkt. 74-1).) Li appeared, and the first day of the deposition was completed on May 19, 2025. (Mot. for Fees ¶ 1; *see* Dkt. 74-1 at 1.) Li's deposition was scheduled to resume on May 21, 2025. (Mot. for Fees ¶ 1; Dkt. 87-1 at 2.)

On May 20, 2025, on the evening before the second day of Li's deposition, Defendants' counsel investigated the qualifications and bar licenses of Li's counsel, Aaron B. Schweitzer and Tiffany Troy. (Mot. for Fees ¶ 2.) At around 6:30 p.m., Defendants' counsel discovered that Schweitzer had been administratively suspended from the Virginia State Bar on March 18, 2025, due to his failure to comply with Continuing Legal Education (CLE) requirements. (*Id.* ¶ 2–3; Defs.' Reply at 1 (Dkt. 87).) At the start of Li's deposition the next day, William Seymour, one of Defendants' attorneys, raised his concerns with the license suspension of Li's counsel. (*Id.*; Dkt. 87-1 at 4–12.) Troy, who appeared at the deposition without Schweitzer,

---

[1] The Plaintiffs erroneously cited to the "Virginia Wage Theft Prevention Law" in their complaint, but litigation later revealed that they were bringing a claim under the Virginia Overtime Wage Act ("VOWA"), Va. Code Ann. § 40.1-29 *et seq.*

- 2 -

responded that she had been unaware of the issue and that counsel would be "taking care of that" as soon as they ended the deposition. (Dkt. 87-1 at 4–5.) However, Seymour expressed his ethical concerns with continuing the deposition until it was resolved, as Troy had been admitted *pro hac vice* by this court in association with Schweitzer. (*Id.* at 6).

Consequently, the parties adjourned for around forty minutes to allow Troy to address the issue. (*Id.* at 12.) When they resumed, Troy contended that Schweitzer was currently admitted in the Virginia Western District "based on a waiver in for the Virginia Eastern District" and "not based on the Virginia state court admissions." (*Id.*) She said that Schweitzer would call the Virginia State Bar and fix the issue as soon as possible. (*Id.*) She also argued that his lapse in good standing with the Virginia State Bar did not affect the ethics of conducting the deposition that day because Li's counsel "did not find any requirement for the maintenance" of a Virginia State Bar license for Schweitzer to practice in the Virginia Western District federal court. (*Id.* at 11–14.)

Since Seymour still believed that Virginia State Bar admission was required to proceed, the attorneys set up a joint call with U.S. Magistrate Judge Joel C. Hoppe. (*Id.* at 13–14.) The parties took another recess for around two hours while waiting to hear from Judge Hoppe's chambers. (*Id.* at 16–17.) They returned in the afternoon to conclude that, having not been able to reach chambers, they would schedule another date for the remaining one to two hours of the deposition. (*Id.* at 18–21.) The stenographically reported exchange, including the recess periods, lasted for about 3 hours and 30 minutes.

The next day, the parties appeared for a telephonic hearing with Judge Hoppe. (Dkt. 65.) During the hearing, Schweitzer confirmed on the record that he was "not in good standing" with the Virginia State Bar. (*Id.*) Following the hearing, Judge Hoppe issued an oral order. (*Id.*) The order declared that, because Virginia attorneys who are not in good standing "are not eligible to practice before this Court," Schweitzer could not appear on Li's behalf in any capacity while not in good standing. *Id.* (citing W.D. Va. Gen. R. 6(a), (b)). Further, Judge Hoppe ruled that because "Ms. Troy's ability to appear pro hac vice in this action depends upon Mr. Schweitzer maintaining his eligibility to practice before this Court," Troy also could not appear on Li's behalf. *Id.* (citing W.D. Va. Gen. R. 6(a), (d)). Finally, Judge Hoppe denied Troy's request for a four-week stay for Li to find new local counsel, as "Plaintiff [had] not shown good cause and a stay would likely impact the case schedule." (*Id.*) However, Li did not ultimately need to secure new local counsel because the next day, May 23, Schweitzer advised the Clerk's Office that his Virginia State Bar status had been restored to "In Good Standing." (*See* Dkt. 66.)

On June 2, 2025, the Defendants' counsel emailed Li's counsel and requested reimbursement for "some of the attorney's fees and other deposition expenses incurred." (Mot. for Fees ¶ 9.) Li's counsel did not respond. (*Id.*) On June 6, at Li's rescheduled deposition, Schweitzer merely stated that he would take the request for deposition expense reimbursement "under advisement" but did not follow up. (*Id.* at 10.) On June 17, 2025, the Defendants filed a motion for attorney's fees and deposition expenses. (*Id.*)

- 4 -

In their motion, Defendants assert that "Schweitzer's failure to timely cure his administrative suspension impeded, delayed, and frustrated Li's Deposition." (*Id.* ¶ 12.) They attach invoices from the May 21 attempted deposition, which depict costs totaling $6,123.25. The sum total includes $3,460.00 for Chung's attorney fees, (Dkt. 74-2), $660.25 for the court reporter's attendance and transcription, (Dkt. 74-3; Dkt. 74-4), and $2,003.00 for the interpreter's "appearance," "travel," and "mileage," (Dkt. 74-5).

## II.    Standard of Review

The court may choose to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The purpose of Rule 30(d)(2) is "to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction." Fed. R. Civ. P. 30(d) Advisory Committee Note (1993). The term "person" includes "the deponent, any party, or any other person involved in the deposition." Fed. R. Civ. P. 30(d) Advisory Committee Note (2000). The phrase "appropriate sanction" is not defined in Rule 30 or the advisory committee notes.

Discovery sanctions are imposed in response to a wide range of deposition misconduct and delays, such as when a deponent refuses to finish sitting for a deposition, or when an attorney excessively objects and interjects during a deposition. *See, e.g., Baker v. Key*, No. 2:15-cv-565, 2016 WL 11672047, at *3 (E.D. Va. Nov. 16, 2016); *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 583–84 (D. Md. 2010) (noting that an attorney objecting more than fifty times

- 5 -

during her client's deposition and repeatedly answering questions posed for her client constituted sanctionable conduct under Rule 30(d)(2)); *see also Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733–34 (D. Md. 2003) (imposing Rule 37 discovery sanctions[2] where plaintiff failed to respond to discovery requests by due date, to defendant's letters about the requests, and to a motion for sanctions regarding past-due responses).  But the decision to impose these discovery sanctions "is generally within the sound discretion of the trial court." *Francisco v. Verizon S., Inc.*, 756 F. Supp. 2d, 705, 712 (E.D. Va. 2010).

### III.   Analysis

The court exercises its discretion to find that, pursuant to Rule 30(d)(2), Schweitzer will be required to reimburse Chung for certain deposition expenses resulting from his failure to timely rectify his March 2025 administrative suspension.

### A. Appropriateness of Rule 30(d)(2) Sanctions

1. <u>Sanctions against Jianxin Li, members of the FLSA collective, and Troy Law PLLC are improper.</u>

Defendants specifically ask that "[p]laintiffs and their counsel, Troy Law PLLC" be required to "pay the attorney's fees and expenses incurred by Chung related to the May 21, 2025 aborted deposition." (Mot. for Fees at 3.)  However, Defendants do not provide any evidence that Li or Plaintiff Man Xiu Xiong played any role in delaying or impeding the fair

---

[2] The court cites some case law regarding Rule 37 discovery sanctions for this Rule 30 motion because both rules enable the court to impose "reasonable expenses" for discovery violations.  Further, the Advisory Committee expressed intent for these provisions to be connected.  "Under Rule 30(d), an 'assessment of expenses incurred in relation to motions made under this subsection (d) is made subject to the provisions of Rule 37(a).'"  *In re: American Med. Sys., Inc.*, MDL No. 2325, 2016 WL 3198355, at *3 (S.D.W. Va. June 8, 2016) (quoting Fed. R. Civ. P. 30(d) Advisory Committee's Note (1970)).

examination of Li. Nor does the language of Rule 30(d)(2) contemplate imposing these expenses on an entire law firm. *See* Fed. R. Civ. P. 30(d)(2) (stating that the court may "impose an appropriate sanction . . . on a *person* who impedes, delays, or frustrates" (emphasis added)); Fed. R. Civ. P. 30(d) Advisory Committee Note (2000) (defining "person" in Rule 30(d) as "the deponent, any party, or any other person involved in the deposition"). Thus, 30(d)(2) sanctions imposed on the plaintiffs and Troy Law PLLC would be improper.

2. <u>Sanctions against Aaron Schweitzer are appropriate.</u>

The Defendants adequately demonstrate that Schweitzer's "failure to timely cure his administrative suspension impeded, delayed, and frustrated Li's Deposition." (Mot. for Fees ¶ 12); *see* Fed. R. Civ. P. 30(d)(2). By failing to maintain good standing before the Virginia State Bar and continuing to represent Plaintiffs before this court for two months with a suspended Virginia license, Schweitzer clearly violated the Local Rules. *See* W.D. Va. Gen. R. 6; *Orlando v. Smith*, No. 5:22-cv-00062, 2024 WL 2112318, at *4 (W.D. Va. May 10, 2024). The court recognizes that mistakes can happen. However, this serious oversight resulted in the weeks-long postponement of Li's deposition, as well as several hours of wasted translator, court reporter, and attorney resources. Consequently, the court concludes that it is appropriate to require Schweitzer to cover at least some deposition expenses associated with the abandoned deposition, including the costs of the interpreter services, court reporter services, and transcription.

However, the court does not impose the cost of attorney's fees on Schweitzer. First, Defendants do not provide sufficient details of the fees requested. Local Rule 54 requires

"any motion requesting the award of attorneys' fees" to include, among other things: (1) "a detailed description of the work performed broken down by hours or fractions thereof expended on each task," and (2) "the customary fee for like work prevailing in the attorney's community."  W.D. Va. Gen. R. 54(a)(2).  Although Defendants provide a total number of hours, their descriptions include a long list of tasks, some of which are not necessarily attributable to Schweitzer's administrative suspension or to the delayed deposition.  For example, Defendants logged a single six-hour time entry spanning seven different tasks, including "reviewed discovery documents from opposing counsel," in addition to "attended deposition of Jianxin Li," "telephonic hearing with Judge Hoppe," "email to K. Lokey," "email exchange with Tiffany Troy," "received telephone call from John Troy," and "two telephone calls to Virginia State Bar."  (*See* Dkt. 74-2.)  They assert that these "billing time entries all indicate services rendered in connection, only, with the aborted deposition."  (Defs.' Reply at 4.)  But that is a determination that is to be made by the court—not the movant—based on the movant's detailed description of the work performed, which should have been broken down by hours per task.  Further, the Defendants do not provide the court with any information regarding a "customary fee for like work."  W.D. Va. Gen. R. 54(a)(2).

Even if the Defendants' filing complied with the local rules, the court nevertheless finds it proper to limit the amount imposed under Rule 30(d)(2) to only a portion of the deposition expenses by excluding the attorney's fees.  In this case, deposition delays were caused by an error in Schweitzer's judgment rather than by bad faith.  There is no evidence that Schweitzer had affirmatively misrepresented to the court his bar admission status; he was

- 8 -

in good standing when Plaintiff sought to admit Troy as *pro hac vice* in August 2024.  (*See* Dkt. 20); *see also Samsung Elecs. Co. v. Nvidia Corp.*, 314 F.R.D. 190, 204 (E.D. Va. 2016) (holding that "limiting the cost-shifting to the reasonable expenses associated with supplemental expert discovery, rather than to fees and costs related to general preparation for either the first or the second trial, is a relatively limited [Rule 37] sanction that takes into account [the party's] good faith"); *cf. Patel v. Jones*, No. 7:21-cv-401, 2022 WL 822113, at *1 (W.D. Va. Mar. 17, 2022) (imposing sanctions on an attorney who had "falsely represented" the time at which he learned about his license suspension to the court).

While Schweitzer was careless and irresponsible as to maintaining his Virginia Bar license, there is no showing that he continued to practice in Virginia with the intent of violating the licensure rules or with knowledge of his administrative suspension before Seymour raised the issue.  *Cf. Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 456 (D. Md. 2001) (finding that an attorney's deposition conduct "was egregious . . . because the record indicates that [the attorney] *intentionally* disregarded the rules to *retaliate* against [opposing counsel] for what occurred during [the] deposition" (emphasis in original)).  Although two months had passed since Schweitzer was administratively suspended by the Virginia State Bar, he restored his license within two days of the issue being raised in this case.  (*See* Dkt. 66); *cf. Channell v. Pariser Dermatology Specialists*, No. CL18-6963, 2021 WL 6884439, at *3–4 (Va. Cir. 2021) (sanctioning an attorney in part because he practiced while having been administratively suspended from the Virginia Bar due to a lack of CLE fulfillment for two years).

Accordingly, the court will grant in part and deny in part the Defendants' motion for deposition expenses against Schweitzer by excluding attorney's fees from the total award.

3. <u>Sanctions against Tiffany Troy are not appropriate.</u>

The court does not find Troy's conduct egregious enough to warrant the imposing Rule 30(d)(2) sanctions on her. Troy says that she did not have any personal knowledge of Schweitzer's administrative suspension until Seymour informed her. Once notified, Troy immediately sought to remedy the problem. She mistakenly believed that she could still proceed with the deposition and stated that, "[a]s a courtesy, we allowed [Defendants' counsel] to continue the deposition on Wednesday, but if you are going to make a big issue out of this, then maybe we'll need to reconsider our position." (Dkt. 87-1 at 10.) True, Troy was incorrect in her belief that Schweitzer's Virginia Bar license suspension did not impact his or her ability to proceed with the scheduled deposition. But the court does not find that her conduct and terse comments to Seymour rose to the level of "obstructive tactics" or impeded a fair examination of Li. *See Lowe for Taylor v. Cerner Health Servs., Inc.*, No. 1:19-cv-625, 2020 WL 6591649, at *3 (E.D. Va. Feb. 21, 2020) (declining to award 30(d)(2) sanctions even where deponent's answers were misleading because his behavior did not rise "to the level of obstructionism that would warrant" sanctions).

The court urges Troy to better inform herself of the *pro hac vice* admission rules and the significant consequences of administrative suspension on an individual's ability to practice law in the state *and* federal courts located in the Commonwealth of Virginia. The court expects that all counsel will take care to keep the court apprised of any changes to the status of their

bar license or the licenses of attorneys with which they appear in association. The court also expects any attorneys appearing in the Western District of Virginia to familiarize themselves with our Local Rules.

### A. Reasonableness of Defendants' Claimed Expenses

The court has reviewed the Defendants' requested court reporter and interpreter expenses, as well as Li's objections. The court concludes that the total amount requested for interpreter hourly services, court reporter services, and transcription is reasonable. However, the court does not find the interpreter's travel costs to be reasonable and will thus exclude this amount from Defendants' award.

Most of the Defendants' claimed expenses—$2,003 of the $2,663.25 non-attorney's fee expenses—are costs associated with interpreter and translation services. (Dkt. 74-5.) Defendants' exhibits verify that the Mandarin interpreter charged $195 per hour, with a four-hour minimum, resulting in a total of $780 for the interpreter services on May 21. (Dkt. 74-4.) Plaintiffs contest the travel expenses of $775 and mileage of $448, arguing that "travel expenses and mileage are not reasonable at all for a remote deposition held by Zoom." (Pl.'s Br. at 3 (Dkt. 78).) Defendants do not respond to this assertion in their reply, and merely state that the interpreter's services and travel had been paid in advance, as required by the providing agency. (Defs.' Reply at 2.) Although the court understands there may be drawbacks for not having an on-site interpreter, the court does not find it reasonable for Defendants to expend $1,223 on an interpreter to travel from New Jersey to Richmond for a Zoom deposition. Thus, this amount will be excluded from the expenses awarded.

As for the court reporter and transcription costs, Plaintiffs' counsel had notice that the deposition would be "recorded by audio, audiovisual, or stenographic means." (Dkt. 74-1.) Given that Li's counsel did not object, the court finds that it is reasonable for the Defendants to ask for such costs. *See SAS Inst., Inc. v. World Programming Ltd.*, No. 5:10-cv-25, 2016 WL 4995071, at *2 (E.D.N.C. Sept. 19, 2016) ("Where a party notices a deposition to be recorded by both electronic and stenographic means, and the other party raises no objections at that time, the court will award the costs of both recordings."). Furthermore, the inclusion of transcription costs in the 30(d)(2) award is reasonable because the Defendants relied on the May 21 transcript for purposes of bringing this Rule 30(d)(2) motion and resolving the license suspension issue.

Lastly, Plaintiffs argue that any reporter or interpreter expenses awarded should be limited to reasonable cancellation fees because no actual deposition occurred, and Defendants should not have convened the deposition in the first place. (Pl.'s Br. at 2–3.) After discovering Schweitzer's suspension the evening of May 20, Seymour spoke to the Virginia State Bar early the following morning. (Dkt. 87-1 at 7.) Then, when the parties convened for the deposition, Seymour stated his understanding was that resolution of the license issue would only require a 15-minute break for Troy to ask Schweitzer to "pay a fine" and "certify his CLE attendance." (*Id.*) Although notifying Plaintiff's counsel as soon as Defendants found the suspension might have been prudent to avoid potential delays and wasted costs, Seymour reasonably believed that the deposition would only be delayed for several minutes, such that he would not need to cancel the entire deposition. Furthermore, Seymour was correct in his assertion that Troy

could not properly appear on Li's behalf during the deposition while Schweitzer was not in good standing. *See* W.D. Va. Gen. R. 6(a), (d). Therefore, his request to resolve the license issue before proceeding was reasonable. Finally, both Li's counsel *and* Defendants' counsel agreed to continue waiting several hours for Judge Hoppe's chambers to respond to their messages instead of adjourning and setting another date to reconvene. In doing so, Li's counsel assented and contributed to at least a portion of the wasted court reporter and interpreter resources. Accordingly, the court does not agree that reasonable expenses must be limited to cancellation fees. The court finds reasonable expenses to be $1,440.25 (calculated as $2,663.25 in requested non-attorney's fees expenses minus $1,223 of the disallowed interpreter travel expenses).

## IV. Conclusion

For the foregoing reasons, Defendants' motion for attorney's fees and deposition costs (Dkt. 74) is **GRANTED in part and DENIED in part**. Plaintiffs' counsel, Aaron B. Schweitzer, is ordered to pay Defendants for expenses related to the deposition in the total amount of **$1,440.25 within thirty (30) days of this order**.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this __7th__ day of November, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE