CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
November 13, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Jianxin Li | ) | |
| and | ) | |
| Man Xiu Xiong, | ) | Civil Action No. 3:24-cv-00025 |
| Plaintiffs, | ) | |
| v. | ) | |
| Chung LLC | ) | |
| and | ) | |
| Stanley Chung, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on Defendants Stanley Chung and Chung LLC's bill of costs (Dkt. 122) and Plaintiffs Jianxin Li and Man Xiu Xiong's objections to the bill of costs (Dkt. 125). For the following reasons, the court will overrule in part and grant in part Plaintiffs' objections, will grant in part and deny in part Defendants' requested costs, and will award costs to Defendants in the amount of $10,575.27.

**I.      Background**

Li, on behalf of himself and others similarly situated, filed a complaint on April 23, 2024, alleging that the Defendants violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Virginia Minimum Wage Act ("VMWA"), Va. Code Ann. § 40.1-28.8

*et seq.*, and the 2020 amendments to the Virginia Wage Payment Act ("VWPA").[1]  (Dkt. 1.) The court held a jury trial on the matter on August 18–20, 2025.  (*See* Dkts. 111, 115, 117.) On August 22, 2025, the court entered a judgment order consistent with the jury verdict in favor of the Defendants.  (Dkt. 121.)

On June 17, 2025, the Defendants filed a motion requesting attorney's fees and deposition expenses associated with Li's May 21 abandoned deposition.  (Dkt. 74.) Defendants contended that "Schweitzer's failure to timely cure his administrative suspension" from the Virginia State Bar "impeded, delayed, and frustrated Li's Deposition," and they asked the court to award costs pursuant to Federal Rule of Civil Procedure 30(d)(2).  (*Id.* ¶¶ 11–12.) On November 7, 2025, the court granted in part and denied in part Defendants' motion. (Dkt. 128.)  The court ordered Aaron B. Schweitzer, Plaintiffs' counsel, to pay Defendants for expenses related to the May 21 attempted deposition in the total amount of $1,440.25, representing $660.25 in reporter and transcription costs, and $780.00 in interpreter services. (*Id.*; Dkt. 127.)

On September 1, 2025, the Defendants filed a bill of costs.  (Bill of Costs (Dkt. 122).) In their completed bill of costs form, the Defendants requested that the Clerk tax $318.70 in fees for "service of summons and subpoena," $4,733.35 in fees for "printed or electronically recorded transcripts necessarily obtained for use in the case," and $9,271.77 for

---

[1] The Plaintiffs erroneously cited the "Virginia Wage Theft Prevention Law" in their complaint, but litigation later revealed that they intended to bring the claim under the Virginia Overtime Wage Act (VOWA), Va. Code Ann. § 40.1-29 *et seq.*

"compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828." (*Id.* at 1.) Their requested costs total $14,323.82. (*Id.*) To support their claimed costs, Defendants attach ten exhibits with cost breakdowns for the reporters, transcripts, and interpretation services used at depositions and at trial. (*See* Dkts. 122-1–122-10.) Defendants' full itemized list of taxable costs is also included. (*See* Dkt. 122-11.)

Plaintiffs filed objections to Defendants' bill of costs on September 22, 2025. (Dkt. 125.) Plaintiffs argue first that the FLSA statute does not provide for costs to a prevailing defendant, (*id.* at 4), and that an employer *cannot* recover costs in a FLSA action unless they can show that the plaintiff "litigated in bad faith," (*id.* at 6). In the alternative, Plaintiffs assert that under the factors delineated in *Ellis v. Grant Thornton, LLP*, 434 F. App'x 232, 235 (4th Cir. 2011), the court should exercise its discretion to deny any award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1). (*Id.* at 6–11.) Defendants filed a reply in which they contend that the FLSA does not prohibit defendants from recovering costs under Rule 54(d)(1). (Dkt. 126 at 2–3.) They also argue that Plaintiffs fail to rebut the Rule 54(d)(1) presumption that costs are awarded to prevailing parties. (*Id.* at 4–9.)

## II.   Standard of Review

Following a judgment, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Federal Rule of Civil Procedure 54(d)(1) establishes a "presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). Thus, a district court has discretion to deny a cost award, but the court must "articulat[e] some

good reason for doing so." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (quoting *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)). Further, costs may only be denied to the prevailing party "when there would be an element of injustice in a presumptive cost award." *Cherry*, 186 F.3d at 446.

Factors that can justify denying an award of costs include "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis*, 434 F. App'x at 235. The losing party's good faith in bringing the litigation is a "virtual prerequisite" to overcoming Rule 54(d)(1)'s presumption in favor of awarding costs. *Cherry*, 186 F.3d at 446. However, "good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Ellis*, 434 F. App'x at 235 (quoting *Cherry*, 186 F.3d at 446).

When the court awards costs under Rule 54, recoverable costs include fees for "transcripts necessarily obtained for use in the case," fees for "printing and witnesses," "[d]ocket fees," and fees for "compensation of interpreters." 28 U.S.C. § 1920. "Costs should be limited to those 'reasonably necessary at the time' they were incurred." *Hanwha Azdel, Inc. v. C & D Zodiac, Inc.*, No. 6:12-cv-00023, 2015 WL 1417058, at *9 (W.D. Va. Mar. 27, 2015) (quoting *LaVay Corp. v. Dominion Fed. Sav. & Loan Assn.*, 830 F.2d 522, 528 (4th Cir. 1987)).

### III. Analysis

The court finds that Defendants, as the prevailing party, should receive a portion of the reasonable expenses requested in their bill of costs filing pursuant to Federal Rule of Civil

Procedure 54(d)(1). FLSA does not preclude the award of Rule 54(d)(1) costs to Defendants, and the *Ellis* factors justify granting a cost award in this case. However, the court also grants several of Plaintiffs' objections, which limits the costs awarded to Defendants.

### A. Prevailing FLSA defendants are not precluded from receiving a Rule 54(d)(1) cost award.

Plaintiffs begin their objections to the bill of costs by arguing that all defendant employers are *prohibited* from recovering any costs in FLSA cases. In cases with a prevailing plaintiff, FLSA declares that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiffs suggest that § 216(b)'s mandatory cost award in cases with a prevailing plaintiff necessarily precludes a cost award in cases with a prevailing defendant. But as Plaintiffs themselves note, the FLSA is silent as to an award of costs and attorney's fees to a prevailing defendant pursuant to Rule 54(d)(1). (Pls.' Objs. at 4–5); *see* 29 U.S.C. § 216(b).

Because the FLSA is silent as to a prevailing defendant's cost award, the statute does not preclude such an award. *See Marx*, 568 U.S. at 380–81 (agreeing with plaintiff's argument that "silence [in a federal statute] does not displace the background rule that a court has discretion to award costs" under Rule 54(d)); *Lupardus v. Elk Energy Servs., LLC*, No. 2:19-cv-00529, 2020 WL 4342221, at *7 (S.D.W. Va. July 28, 2020) (recognizing "the possibility that [the defendant employer] may prevail in this action and be entitled to recover some or all of its costs"). Although the Fourth Circuit has not yet addressed the issue, other federal courts

of appeal have expressly held that a prevailing FLSA defendant may recover costs under Rule 54(d). *See, e.g.*, *Faludi v. U.S. Shale Sols., L.L.C.*, 950 F.3d 269, 276 (5th Cir. 2020) ("[Section 216(b)] in the FLSA does not preclude an award of [Rule 54(d)] costs to a prevailing defendant."); *Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 782 (8th Cir. 2016) ("Because § 216(b) addresses only an award of costs to a prevailing plaintiff and neither § 216(b) nor any other provision of the FLSA precludes an award of costs to a prevailing defendant, this Court concludes [the defendant-employer] is not precluded from collecting its costs incurred."); *Frye v. Baptist Mem'l Hosp., Inc.*, 507 F. App'x 506, 508 (6th Cir. 2012) ("Because section 216(b) addresses only an award of costs to a prevailing plaintiff and neither section 216(b), nor any other provision of the FLSA precludes an award of costs to a prevailing defendant, the district court properly found that a prevailing defendant can recover costs under the FLSA."). Accordingly, the FLSA statute does not prevent Defendants from recovering a cost award pursuant to Rule 54(d)(1).

**B. Plaintiffs do not rebut the presumption of a Rule 54(d)(1) cost award.**

The court finds that, while Plaintiffs acted in good faith in bringing the FLSA and other state claims against Defendants, Plaintiffs fail to rebut the Rule 54(d)(1) "presumption that costs should be awarded to the prevailing party." *Cherry*, 186 F.3d at 446.

"[T]he losing party's good faith in pursuing an action is a 'virtual prerequisite'" to the court abandoning the Rule 54(d)(1) presumption of awarding costs to the prevailing party. *Cherry*, 186 F.3d at 446. Defendants argue that Plaintiffs did not act in good faith such that their objections "must be denied without further analysis." (Defs.' Reply at 4 (Dkt. 126).)

However, Defendants do not present adequate evidence of Plaintiffs' bad faith; the fact that both Li and Xiong's "lengthy and detailed testimony" about their long work schedules contradicted Defendants' witness testimony at trial does not suffice to negate Plaintiffs' good faith in bringing suit against Defendants. (*Id.*)  Thus, the court can proceed to the Plaintiffs' other arguments under the non-exhaustive *Ellis* factors.

    1. <u>Misconduct by Prevailing Party</u>

Since Plaintiffs do not assert in their objections that there was any misconduct by Defendants, the first *Ellis* factor favors the Defendants.

    2. <u>Plaintiffs' Inability to Pay</u>

Under the second factor, courts have discretion to deny a bill of costs when the losing party has sufficiently limited financial means. *Lucas v. Shively*, No. 7:13-cv-00055, 2015 WL 2092668, at *3 (W.D. Va. May 5, 2015).  The losing party must proffer evidence showing that they do not have "the effective ability to satisfy the prevailing party's bill of costs." *Green v. Winchester Med. Ctr.*, No. 5:13-cv-00064, 2015 WL 247871, at *3 (W.D. Va. Jan. 20, 2015) (quoting *Cherry*, 186 F.3d at 447) (cleaned up).

Plaintiffs argue that they are unable to pay costs.  They start by describing Xiong's inability to work at Chung's Barbershop or find alternative employment between April and June of 2025.  (Pls.' Objs. at 8.)  Plaintiffs do not specify whether Li was employed during this time.  They also argue that due to Xiong's inability to find work in Virginia and "threats of arrest, detention, and deportation," the Plaintiffs "were obliged to move back to New York," which in turn forced Li to leave his employment at KS Hair Studio. (*Id.*)  Finally, Plaintiffs

- 7 -

state that they had $10,111.72 "combined cash on hand" as of May 14, 2025. (*Id.*) They attach their interrogatory responses made on this date to support this claim. (Dkt. 125-1.) Plaintiffs do not provide any affidavits or documentation regarding their ability to pay as of September 22, when they filed their objections to the bill of costs.

Courts have found an inability to pay costs when the prevailing party's requested costs exceed or are nearly equal to the losing party's yearly income. *See, e.g.*, *Doe v. Rockingham Cnty. Sch. Bd.*, No. 5:21-cv-00051, 2025 WL 2313226, at *2 (W.D. Va. Aug. 11, 2025); *Cansler v. Hanks*, No. 1:16-cv-1589, 2018 WL 10418863, at *1 (E.D. Va. Apr. 4, 2018) ("Given [plaintiff's] declared yearly income of $8,100, the Court finds that costs of $7,356.40 would create a financial hardship from which [plaintiff] would be unlikely to recover."). Here, the Plaintiffs do not provide their yearly income and instead compare their total cash on hand—at a random time several months before the objections filing—to the total costs requested by Defendants. (Pls.' Objs. at 8.) Further, Plaintiffs cite this court's decision in *Doe v. Rockingham County School Board* for the proposition that "needing to move house [is] evidence of inability to pay." (*Id.*) However, the court's memorandum opinion only discussed moving in with a parent or spouse as evidence of a party's modest means, so that analysis is inapplicable to the Plaintiffs' move to New York in this case. *Rockingham Cnty. Sch. Bd.*, 2025 WL 2313226, at *2. Overall, Plaintiffs provide little support for their claim of "low or no income" and their inability to pay. (Pls.' Objs. at 8.)

3. <u>Excessiveness of Costs and Exclusions from Rule 54(d)(1) Award</u>

For the third factor, Plaintiffs contend that the Defendants' requests for $1,546.60 in daily trial transcript costs, $318.70 in witness subpoena service costs, $660.25 in abandoned deposition reporter costs, and all interpreter travel costs for remote depositions are excessive. The court agrees that some of these costs should be excluded but does not find the overall bill of costs request to be excessive.

First, Defendants "inadvertently" failed to include any attachments to the bill of costs supporting the claimed $318.70 in witness service fees. (Defs.' Reply at 7; *see* Dkt. 122-1–122-11.) Although Defendants claim that they uploaded the receipts of the witness service fees as "Dkt. 122-12," (Defs.' Reply at 7), the receipts do not appear anywhere on the CM/ECF docket and there is no such entry as "Dkt. 122-12." Therefore, $318.70 will be excluded from the cost award.

As for the transcripts, Plaintiffs argue that trial transcript costs should not be recoverable because "neither Defense counsel nor the jury relied on the trial transcript." (Pls.' Objs. at 9.) "The cost of daily copies of trial transcripts is recoverable if the daily transcript is indispensable, rather than merely for the convenience of the attorneys." *Virginia Panel Corp. v. Mac Panel Co.*, 887 F. Supp. 880, 886 (W.D. Va. 1995). Defendants argue that because all parties and most witnesses required interpretation services, counsel needed to review the testimony to prepare for rebuttal of plaintiffs' testimony. Defense counsel may have found the trial transcripts useful to prepare for the second and third days of trial, but the court does

not conclude that daily trial transcripts were indispensable in this case. Thus, $1,546.60 will be excluded from the cost award.

Plaintiffs also contest the fees associated with the abandoned deposition of Li. (*Id.* at 10–11.) Since the court already addressed and awarded $660.25 in court reporter and transcription costs and $780 in interpreter costs to Defendants for this May 21 deposition, these costs will be excluded from the bill of costs award. (*See* Mem. Op. at 11–13 (Dkt. 125).)

As for the interpreter travel costs, Plaintiffs only clearly object to the "travel expenses of $775.00 and mileage of $448.00" for the abandoned deposition. (Pls.' Objs. at 9.) The Fourth Circuit does not appear to have addressed the issue of whether interpreter travel costs for remote depositions are taxable pursuant to 28 U.S.C. § 1920 and may be awarded as costs under Rule 54(d)(1). This court decided in its earlier memorandum opinion on Defendants' motion for attorney's fees and deposition expenses that, given Defendants' lack of justification for interpreter travel costs in their briefs on the motion (Dkt. 74), these expenses would not be awarded under Rule 30(d)(2), (Mem. Op. at 11). But in their bill of costs reply brief, the Defendants offer their justification for including these travel expenses. Defendants emphasize that Plaintiffs were the ones to request that depositions be taken remotely. (Defs.' Reply at 8.) Defendants also argue that the "inherent challenges of virtual testimony via an interpreter" render these costs reasonable. (*Id.*) However, Defendants offer no clear evidence of Plaintiffs' agreement to or awareness of the non-local interpreters and their travel for remote depositions. *Cf. Shimari v. CACI Premier Tech., Inc.*, No. 1:08-cv-00827, 2025 WL 1101496, at *7–8 (E.D. Va. Apr. 14, 2025) (awarding certain costs for interpreter travel to an in-person

- 10 -

trial under Rule 54 because the losing defendant "agreed to the interpreters and was aware that they were not in the local area" after plaintiffs provided interpreters' resumes and solicited approval for each interpreter before trial). Additionally, the court does not find that the general "challenges of virtual testimony via an interpreter" justify requiring the interpreter to be in the same room as Defendants' counsel for a Zoom deposition with Li. The court will grant Plaintiffs' objection and exclude this $1,223.00 from the total $9,271.77 in interpreter compensation expenses.

Although the excessiveness of a requested cost award is a factor justifying the denial of all Rule 54(d)(1) costs to the prevailing party, the court does not find that Defendants' requested costs rise to the excessive level. The excluded daily trial transcript, witness service, and travel costs make up less than 22% of the total requested amount. *Cf. N.O. by Orwig v. About Women Ob/Gyn, P.C.*, 440 F. Supp. 3d 565, 568 (E.D. Va. 2020) (denying a cost award where daily trial transcripts made up 67% of defendants' bill of costs). Moreover, the Defendants make clear that they do not seek duplicate recovery for any costs requested in their earlier motion for attorney's fees and deposition expenses. (Defs. Reply at 8.) Finally, although the court concludes that some interpreter travel expenses for Li's abandoned remote deposition should be excluded, Fourth Circuit case law does not clearly carve out these expenses from 28 U.S.C. § 1920(6) and its general language allowing for "compensation of interpreters." Accordingly, the court finds Defendants' requested cost award is not wholly excessive.

4. Limited Value of Defendants' Victory

The court agrees with Defendants that their victory was not of limited value, as they prevailed on all claims that Plaintiffs brought against them. *See Kendrick v. Carter Bank & Tr., Inc.*, No. 4:19-cv-00047, 2025 WL 1569070, at *5 (W.D. Va. June 3, 2025) (finding that factor four did not justify denying an award of costs because "the Bank had all claims against it dismissed"); *Keith v. Volvo Grp. N. Am., LLC*, No. 7:20-cv-00521, 2024 WL 422096, at *2 (W.D. Va. Feb. 5, 2024) ("As to the fourth factor—the limited value of the prevailing party's victory—[defendant] prevailed as to all of its claims and obtained a dismissal of [plaintiff's] complaint in its entirety [on a summary judgment motion].").

5. Closeness and Difficulty of Issues Decided

Generally, the closeness of the issues for purposes of the fifth *Ellis* factor depends on "the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) (internal quotation marks omitted). Although, as the Defendants point out, jury deliberation lasted only less than two hours, the trial's factual and legal issues were nevertheless relatively complex, as the case involved a federal statute and two Virginia statutes with different applicable recovery periods for respective Plaintiffs. The issues surrounding these claims (e.g., employee vs. independent contractor status, total annual gross income generated by Chung LLC, alleged failure to keep records) were "hotly contested." *See Ellis*, 434 F. App'x at 235 (finding that this factor weighed in favor of the losing party when the "case was hotly contested at trial" and legal issues were not quite "clear

cut"). However, even if this factor weighs in favor of Plaintiffs, it is not enough to justify denying costs. *See Clehm v. BAE Sys. Ordnance Sys., Inc.*, No. 7:16-cv-00012, 2018 WL 3978995, at *2 (W.D. Va. Aug. 20, 2018) (recognizing that even if the case was close and difficult, the closeness and difficulty of issues factor alone is not sufficient to deny costs); *Keith*, 2024 WL 422096, at *2 (same).

## IV. Conclusion

For the foregoing reasons, Defendants' bill of costs (Dkt. 122) is **GRANTED in part** and **DENIED in part**. Plaintiffs' objections to the bill of costs (Dkt. 125) are **OVERRULED in part** and **GRANTED in part.** Defendants are awarded costs in the amount of $10,575.27—calculated as the requested amount ($14,323.82) minus the disallowed amounts for witness service fees, daily trial transcripts, costs already awarded through the motion for deposition expenses, and interpreter travel expenses ($318.70, $1,546.60, $660.25, and $1,223.00, respectively).

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 13th day of November, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE